TRINA MOJICA REYES, demandante y recurrida, *v.* DÁMASO ROMÁN RODRÍGUEZ, DIRECTOR DEL NEGOCIADO DE LA LOTERÍA, ETC., demandados y peticionarios.

*Número:* O-84-663     *Resuelto:* 9 de enero de 1985

46

*Roberto Schmidt Monge, Procurador General,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo peticionario; *Pedro Mario Rivera,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

La demandante-recurrida Trina Mojica Reyes alegadamente compró diez (10) fracciones de un billete de la Lotería de Puerto Rico para el sorteo extraordinario correspondiente al 5 de septiembre de 1983. Llevado a cabo el mencionado sorteo y habiendo resultado premiado el billete, la recurrida alegadamente no pudo localizar las fracciones compradas, hechos que vació en una declaración jurada otorgada ante notario público el día 26 de octubre de 1983, y que notificó a la Lotería de Puerto Rico mediante carta de fecha 9 de noviembre de 1983. Habiéndole sido negado el pago de las diez (10) fracciones por el Director de la Lotería de Puerto Rico recurrió al tribunal, mediante demanda radicada el 16 de febrero de

1984, (¹) solicitando se le declarara como "único dueño de las diez (10) fracciones del billete ... con derecho a cobrar el premio correspondiente". El demandado Estado Libre Asociado de Puerto Rico solicitó la desestimación de la demanda radicada por el fundamento de que la demandante-recurrida no había cumplido con lo requerido por el Art. 10 de la Ley mediante la cual se creó la "Lotería de Puerto Rico" (²) y por el Art. 56 del Reglamento para la Administración y Funcionamiento de la Lotería, al no radicar la declaración jurada referente a la pérdida ante el Director de la Lotería no menos de veinticuatro (24) horas antes de la fecha de celebración del sorteo. (³)

Habiendo sido declarada sin lugar dicha moción de desestimación por el Tribunal Superior de Puerto Rico, Sala de San Juan, el Estado Libre Asociado recurrió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*. Le concedimos término a la demandante para que mostrara causa por la cual este Tribunal no debería ordenar la desestimación de la demanda. Ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

La recurrida plantea, con mucha lógica, que no podía cumplir con lo preceptuado en las disposiciones legales arriba mencionadas por la sencilla razón de que descubrió la pérdida o desaparición de las fracciones del billete *con posterioridad* a la celebración del sorteo. Argumenta que, en su consecuencia, ella tiene derecho al cobro del premio por cuanto no ha habido incumplimiento alguno de su parte y ella ha acreditado debidamente la pérdida sufrida. Procede la desestimación de

---

(¹) Fueron incluidos como "demandados" el Director de la Lotería de Puerto Rico, el Departamento de Hacienda, el Secretario de Justicia y el Estado Libre Asociado de Puerto Rico.

(²) El Art. 10 de la Ley Núm. 465 de 15 de mayo de 1947, según enmendado, 15 L.P.R.A. sec. 120.

(³) El Estado Libre Asociado de Puerto Rico, mediante moción al efecto, nos informa que todavía restan por pagar dieciséis (16) fracciones del billete en controversia.

la demanda radicada contra el Estado Libre Asociado de Puerto Rico y sus funcionarios, aunque por fundamentos distintos a los alegados por el Estado.

Dispone el Art. 12 de la citada Ley Núm. 465 de 1947, en lo pertinente, que los "billetes de la Lotería se considerarán valores al portador, por lo que no se reconocerá dueño de un billete premiado a otra persona que aquella que lo posea y lo presentare al cobro". (⁴) Ello significa que el director de la Lotería de Puerto Rico está legalmente obligado a pagar las fracciones de un billete premiado al portador o poseedor de los mismos sin poder requerir evidencia adicional de clase alguna a dichas personas. (⁵) Ello no es nada nuevo ni puede constituir sorpresa para persona alguna. Desde el año de 1954, cuando resolvimos el caso de *Mieres, Fiscal* v. *Pagán*, 76 D.P.R. 699 (1954), establecimos que la ley creando la lotería regula las relaciones jurídicas *entre los jugadores de billetes* y *el Gobierno* y que, *a los fines del pago de premios*, no se reconoce más dueño que el poseedor del billete que lo presente al cobro, no incurriendo el Estado en responsabilidad por ello. Véase, a esos mismos efectos, *Fuentes* v. *Fulano de Tal*, 84 D.P.R. 506 (1962). En vista de lo anteriormente expresado somos del criterio que una persona que se encuentre en una situación de hechos similar a la de la aquí recurrida viene obligada —en protección de sus intereses e inmediatamente que se percate de la pérdida del billete— a recurrir ante tribunal competente, radicar la acción correspondiente, y obtener del tribunal una orden prohibiéndole al citado director el pagar las fracciones correspondientes al billete en controversia. (⁶)

---

(⁴) Véase 15 L.P.R.A. sec. 122.

(⁵) Excepto, naturalmente, su nombre y dirección.

(⁶) Como excepción a la norma general contemplada en 32 L.P.R.A. sec. 3524 a la luz de la enmienda sufrida por dicho precepto legal en el año de 1974. Véase, en adición, *P.R. Telephone Co.* v. *Tribunal Superior*, 103 D.P.R. 200, 202 (1975).

■ Resolvemos, en su consecuencia, que por razón de que los billetes de la Lotería de Puerto Rico son "valores al portador" el director de dicha agencia viene obligado a pagar las fracciones de un billete premiado a aquellas personas que lo presentan para su cobro, *a menos que sea notificado*: (a) por el "jugador", en el caso en que éste se percata de la pérdida del billete *antes* de la celebración del sorteo, de acuerdo con lo prescrito por el Art. 10 de la citada Ley Núm. 465 de 1947, o (b) con una orden expedida por tribunal competente prohibiéndole así hacerlo, en el caso en que el "jugador" se da cuenta de la pérdida *con posterioridad* al sorteo; no incurriendo en responsabilidad alguna el Estado Libre Asociado de Puerto Rico a menos que haya un incumplimiento por parte de la Lotería de Puerto Rico en relación con cualesquiera de las referidas "notificaciones". Resolver lo contrario representaría la destrucción del sistema de la Lotería.

■ En el presente caso no se hizo así. La demandante-recurrida, una vez celebrado el sorteo correspondiente, se limitó a notificar al referido director de la pérdida supuestamente sufrida. Dicha notificación, repetimos no era suficiente para impedir que la agencia haya proseguido adelante, en cumplimiento de la ley, con el pago de las fracciones del billete premiado. No existiendo responsabilidad legal por parte del Estado Libre Asociado de Puerto Rico y sus funcionarios, (7) procede que se decrete la desestimación de la demanda radicada. Ello no significa, sin embargo, que la parte demandante esté totalmente huérfana de causa de acción. Al igual que los demandantes en los casos de *Mieres, Fiscal* v. *Pagán* y *Fuentes* v. *Fulano de Tal*, ante, la parte aquí recurrida podría tener una causa de acción contra aquellas personas que cobraron de la Lotería de Puerto Rico las fracciones que a dicha parte se

---

(7)*Mieres, Fiscal* v. *Pagán*, 76 D.P.R. 699 (1954) y *Fuentes* v. *Fulano de Tal*, 84 D.P.R. 506 (1962).

le extraviaron; situación, naturalmente, que tendría que ser resuelta en un juicio plenario.

Por las razones antes expresadas, *se expide el auto y se dictará sentencia ordenando la desestimación de la demanda radicada.*

El Juez Asociado Señor Torres Rigual concurre en el resultado sin opinión.