# 98 DTA 120

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO**
**PANEL I**

PABLO CAMACHO CAMACHO
Demandante-Recurrido

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO,
SECRETARIO DE JUSTICIA, SECRETARIO DE HACIENDA
Demandados-Recurrentes

Núm. KLCE-97-01250

San Juan, Puerto Rico, a 17 de marzo de 1998

Panel sustituto integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se recurre de una Resolución emitida el 16 de octubre de 1997 por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se negó a desestimar la demanda incoada por la parte demandante-recurrida de epígrafe. En la referida demanda se le exige a la Lotería de Puerto Rico, el pago de un billete premiado que se había extraviado.

Por las razones que más adelante expondremos, denegamos el auto solicitado.

### I

Los hechos que relatamos a continuación surgen de la resolución recurrida y de los escritos sometidos por ambas partes.

El demandante-recurrido Pablo Camacho Camacho, compró cinco (5) series completas (250 fracciones) del billete número 9,362 de la Lotería de Puerto Rico. El 7 de agosto de 1996 el referido billete resultó premiado con mil doscientos dólares ($1,200.00) para un total de seis mil dólares ($6,000.00).

El 12 de agosto de 1996, el recurrido le envió una carta al Administrador de la Lotería, por correo certificado con acuse de recibo, acompañada de una declaración jurada, en la que indicaba que las series del billete se le habían extraviado. El señor Juan E. Ramos Bravo, Secretario Auxiliar, acusó recibo de dicha carta el 15 de agosto de 1996. En su misiva el señor Bravo señala que la referida declaración jurada fue juramentada el 9 de agosto, es decir, posterior al sorteo, y agrega lo siguiente:

*"Deseo informarle que en casos de billetes extraviados, destruidos o hurtados, pueden, según lo estipula la Ley 465 que crea la Lotería de Puerto Rico en el Artículo 10 y nuestros [sic] Reglamento en su Artículo Número 56, deberá radicar ante el Director del Negociado de la Lotería o enviar por correo certificado una declaración jurada VEINTICUATRO (24) horas antes de celebrarse el sorteo; indicando el número del billete, serie (letra), sorteo o fecha en que habrá de celebrarse y el número de la querella asignado por la Policía al caso.*

*Por las razones antes indicadas se remite la misma."*

El 17 de diciembre de 1996, el recurrido presentó una demanda contra el Estado Libre Asociado de Puerto Rico, el Secretario de Hacienda y el Secretario de Justicia, en la que reclamó el pago del billete premiado Núm. 9,362. En dicha demanda, el recurrido alegó que las *"referidas series del billete premiado 9,362, se han extraviado en poder del demandante y no han podido ser localizados, a pesar de las múltiples gestiones realizadas por el demandante."* Además, adujo que *"los billetes premiados no han sido pagados, aun cuando se radicó una declaración jurada exponiendo la pérdida, tan pronto se percató de la misma."* El Secretario de Justicia fue emplazado el 7 de febrero de 1997. El Secretario de Hacienda fue emplazado el 16 de junio de 1997. Posteriormente, el Estado Libre Asociado y el Secretario de Hacienda presentaron una moción de desestimación en la que alegaron que el derecho al cobro del billete premiado había caducado el 3 de febrero de 1997, toda vez que no hubo un dictamen de un tribunal competente ordenándole al Director de la Lotería la paralización del pago.

El recurrido presentó una moción en oposición en la que alegó que su derecho a cobrar no había prescrito puesto que había sido interrumpido mediante carta enviada al Director de la Lotería y, asimismo, por la demanda reclamando el pago presentada antes de que venciera el término de seis (6) meses provisto por el Artículo 12 de la Ley Núm. 465 de 15 de mayo de 1947, según enmendada, mejor conocida como la Ley de la Lotería, 15 L.P.R.A. sec. 122.

Por su parte, los recurrentes presentaron una réplica en la que adujeron que la paralización del pago del billete sólo podía obtenerse mediante una orden del tribunal que así lo indicara. Plantearon que el

término de seis (6) meses a que se refiere la Ley de la Lotería, *supra*, es uno de caducidad.

El 16 de octubre de 1997 el Tribunal de Primera Instancia emitió la resolución que nos ocupa en la que declaró no ha lugar la moción de desestimación presentada por los demandados. El tribunal *a quo* resolvió que el recurrido no estaba obligado a obtener una orden de un tribunal con competencia ordenando la paralización del premio hasta tanto se resolviera la controversia, de conformidad con lo establecido en el caso de *Mojica v. Román Rodríguez*, 116 D.P.R. 45, 48 (1985).

Inconforme con este dictamen, los recurrentes acuden ante nos mediante el presente recurso de *certiorari*.

## II

El citado Artículo 12(a) (2), *supra*, dispone, en lo pertinente, que:

*"Los billetes de la Lotería se considerarán valores al portador, por lo que no se reconocerá dueño de un billete premiado a otra persona que aquella que lo poseyera y lo presentare al cobro. El derecho al cobro de premios caducará a los seis (6) meses contados desde el día siguiente en que se verifique el sorteo a que correspondan. Pasado este plazo el Gobierno de Puerto Rico quedará libre de toda responsabilidad."*

Por su parte, en el Artículo 10 de la Ley de la Lotería, 15 L.P.R.A. sec. 120, se establece el procedimiento a seguir en caso de billetes extraviados antes de que ocurra el sorteo. Allí se consigna, en lo pertinente, que:

*"(a) Salvo lo dispuesto en la secs. 111 a 127 de este título, los billetes sobrantes de cada sorteo serán jugados por el Gobierno de Puerto Rico y los premios que a dichos billetes sobrantes tuviese, así como los de los billetes extraviados o rotos, o no cobrados o apropiados ilegalmente que no hubieren sido reclamados según lo dispuesto en la presente sección quedarán para beneficio de, y serán ingresados en el Fondo General del Tesoro Estatal del Gobierno de Puerto Rico.*

*Cualquier persona a quien se le extravíen, destruyan en cualquier forma o le sean apropiados ilegalmente o robados billetes o fracciones de billetes de la lotería, que desee establecer en su día una reclamación para en caso que dichos billetes resulten premiados, deberá radicar ante el Director del Negociado de la Lotería o enviar por correo certificado una declaración jurada no menos de veinticuatro (24) horas antes de la fecha en que había de celebrarse el sorteo a que correspondan los billetes o fracciones... Si transcurrido el término de seis (6) meses que concede la sec. 122 de este título para el cobro de billetes premiados aparecieren pendientes de pago el billete o las fracciones de billete a que se refiere la declaración jurada antes mencionada, y no se hubiera iniciado el procedimiento establecido en el inciso (b) de esta sección, el Director del Negociado de la Lotería procederá a hacer el pago del premio que corresponda a la persona que suscribe la declaración jurada."*

La Ley de la Lotería no provee remedio alguno para las personas que pierden su boleto luego de celebrado el sorteo. Como se desprende de la sección antes transcrita, la ley sólo regula lo relativo al procedimiento para tramitar el pago del premio en casos de pérdida, robo, apropiación ilegal o destrucción del billete antes de que ocurra el sorteo.

Nuestro Tribunal Supremo en *Mojica v. Román Rodríguez, supra*, se enfrentó a una situación en la que la pérdida de un boleto de la Lotería ocurrió luego de celebrado el sorteo.

En dicho caso la demandante (Mojica) compró diez fracciones de un billete de la Lotería que resultó premiado. Luego de celebrado el sorteo, a la demandante se le perdieron las fracciones compradas, por lo que le envió al Director de la Lotería una declaración jurada explicando lo ocurrido. El Director de la Lotería le negó el pago. La demandante presentó una demanda contra el Director de la Lotería y otros en la que solicitó que se le declarara como la única dueña de las fracciones premiadas. La parte demandada (la Lotería) solicitó la desestimación porque la demandante no cumplió con el procedimiento establecido en el Artículo 10 de la Ley de la Lotería, *supra*. El Tribunal Superior declaró sin lugar la moción de desestimación. La parte demandada acudió ante el Tribunal

Supremo, quien concluyó que procedía la desestimación de la demanda, aunque por fundamentos distintos a los alegados por ésta.

Nuestro más Alto Foro expuso lo siguiente:

*"...somos del criterio que una persona que se encuentre en una situación de hechos similar a la de la aquí recurrida viene obligada --en protección de sus intereses e inmediatamente que se percate de la pérdida del billete-- a recurrir ante tribunal competente, radicar la acción correspondiente, y obtener del tribunal una orden prohibiéndole al citado director el pagar las fracciones correspondientes al billete en controversia."*

Resolvemos, en su consecuencia, que por razón de que los billetes de la Lotería de Puerto Rico son *"valores al portador"* el director de dicha agencia viene obligado a pagar las fracciones de un billete premiado a aquellas personas que lo presentan para su cobro, a menos que sea notificado: (a) por el *"jugador"*, en el caso que éste se percata de la pérdida del billete antes de la celebración del sorteo; de acuerdo con lo prescrito en el Art. 10 de la citada Ley Núm. 465 de 1947, o (b) con una orden expedida por un tribunal competente prohibiéndole así hacerlo, en el caso en que el *"jugador"* se da cuenta de la pérdida con posterioridad al sorteo; no incurriendo en responsabilidad alguna el Estado Libre Asociado de Puerto Rico a menos que haya un incumplimiento por parte de la Lotería de Puerto Rico en relación con cualesquiera de las referidas *"notificaciones"*. Resolver lo contrario representaría la destrucción del sistema de la Lotería.

En el presente caso no se hizo así. La demandante-recurrida, una vez celebrado el sorteo correspondiente, se limitó a notificar al referido director de la pérdida supuestamente sufrida. Dicha notificación, repetimos *"no era suficiente para impedir que la agencia haya proseguido adelante, en cumplimiento de la ley, con el pago de las fracciones del billete premiado." Mojica v. Román Rodríguez, supra*, a las págs. 48 y 49.

El caso de autos presenta unas circunstancias particulares que hacen inaplicable la norma establecida en Mojica, *supra*. Es preciso destacar que en la situación que presenta el caso del título nadie se presentó a cobrar el billete premiado, a diferencia de lo ocurrido en Mojica, *supra*. En el citado caso, la Lotería pagó las fracciones del billete premiado a las personas que las presentaron al cobro. Toda vez que la Lotería no fue debidamente notificada de que no podía realizar ese pago, la demanda solicitando el cobro del premio fue desestimada, pues hubiese obligado a la Lotería a pagar el premio dos veces.

La norma enunciada por nuestro más alto Foro en Mojica, *supra*, tiene el propósito primordial de detener el pago del billete premiado cuando un tribunal le ordene al Director de la Lotería la paralización del mismo. La notificación adecuada al Director de la Lotería de la pérdida del billete o de las fracciones del mismo tiene el efecto de impedir que la Lotería pague el premio al poseedor del billete premiado. Por tal razón, se establece que de no realizarse el procedimiento descrito, la Lotería se libera de responsabilidad en caso de haberle pagado el billete premiado a la persona que lo presente para su cobro, toda vez que el billete es un valor al portador.

En el caso de autos la orden de paralización de pago no hubiese tenido efecto alguno, toda vez que el recurrido había comprado todas las series del billete premiado y, por lo tanto, era imposible que alguien se presentara a cobrar el billete premiado. No está en controversia que nadie se presentó a cobrar el billete premiado. De haberse presentado alguna otra persona reclamando el pago del billete, el recurrido estaba impedido de instar acción contra la Lotería, pues ésta venía obligada a pagar el billete premiado a la persona que lo presentara al cobro, habida cuenta, como ha quedado dicho, que los billetes son valores al portador. No obstante, repetimos, en el caso ante nos nadie reclamó el pago del billete premiado. Concluimos, pues, que el hecho de que el recurrido no le solicitara al tribunal que emitiera una orden de paralización de pago, no constituyó un impedimento para que pudiera reclamar el pago del billete premiado mediante la presentación de una demanda dentro del término de seis (6) meses establecido en la ley.

El recurrido le envió una carta al Director de la Lotería indicándole que había comprado todas las series del billete premiado y que las mismas se le habían extraviado. Ante la reacción de la Lotería, el

recurrido presentó, entonces, una demanda en la que reclamó el pago del billete premiado. La demanda fue presentada dentro del término de seis (6) meses provisto en el Artículo 12 de la Ley de la Lotería, *supra*. Por tanto, el derecho del recurrido a cobrar el billete premiado no ha caducado como señalan los recurrentes.

La cuestión relativa a si el recurrido, en efecto, adquirió las series del billete premiado, y era o no su propietario, deberá dilucidarse en el correspondiente juicio plenario.

### III

Por los fundamentos anteriormente expuestos, denegamos el auto solicitado y devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Ponce, para la continuación de los procedimientos de forma compatible con lo aquí expuesto.

Así lo pronunció y lo manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General