PUERTO RICO TELEPHONE COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, HON. FLAVIO E. CUMPIANO, recurrido.

*Número:* O-75-1          *Resuelto:* 7 de enero de 1975

*Brown, Newsom & Córdova, Iván Díaz de Aldrey* y *Alberto Picó Santiago,* abogados de la peticionaria; *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria* y *Baltazar Corrada del*

*Río,* abogados de la interventora I.T.T. Caribbean Manufacturing, Inc.

PER CURIAM: Se nos solicita que se dejen sin efecto una resolución y una orden del Tribunal Superior, fechadas el 31 de diciembre de 1974, decretando la suspensión de la adjudicación de una subasta. Considerados los escritos sometidos por las partes, así como sus argumentos y admisiones vertidos en la vista celebrada durante la mañana de hoy, estimamos que procede la concesión del remedio.

La peticionaria, Puerto Rico Telephone Company ("PRTC"), antes subsidiaria de International Telephone and Telegraph Corporation ("ITT"), otorgó un Contrato de Suministros con ITT para la compra e instalación de cierto equipo de conmutación fabricado por ITT Caribbean Manufacturing, Inc. ("ITTCM"), otra subsidiaria de ITT. La Autoridad de Teléfonos de Puerto Rico adquirió el mismo día la totalidad de las acciones de PRTC.

Surgió posteriormente una controversia entre las partes sobre la interpretación de ciertas cláusulas del Contrato de Suministros. PRTC radicó entonces la demanda en el caso de autos, en la que alega que las disposiciones contractuales en disputa violan diversos artículos de la legislación para combatir los monopolios, Ley Núm. 77 de 25 de junio de 1964, 10 L.P.R.A. sec. 257 *et seq.* ITTCM interpuso a continuación una moción en el caso, solicitando que se ordenase a las partes proceder a arbitrar la controversia bajo determinada disposición del Contrato de Suministros y requiriendo la paralización *pendente lite* de la adjudicación de una subasta para la adquisición de equipo de otra índole anunciada por PRTC hace algún tiempo y cuyo plazo de adjudicación expira en el día de hoy.

El Tribunal Superior ordenó la suspensión de la adjudicación de la subasta, absteniéndose de resolver hasta después de una vista que ha señalado al efecto si procederá a adjudicar la validez o nulidad de las cláusulas en controversia o a

ordenar el arbitraje. Contra esta determinación es que se incoa el presente recurso.

El presente recurso se contrae estrictamente a resolver si bajo los principios imperantes de ley procede o no dentro de este pleito paralizar la adjudicación de la subasta celebrada por PRTC.

■ La parte promovente de una orden provisional de este tipo, *injunction* preliminar o *injunction pendente lite* en auxilio de la jurisdicción del tribunal, tiene el peso de probar su procedencia. 11 Wright and Miller, *Federal Practice and Procedure* 429. No se ha descargado aquí esta obligación.

■ En la determinación de si procede conceder un remedio como el requerido ante el Tribunal Superior deben considerarse los siguientes criterios: la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction;* su irreparabilidad o la existencia de un remedio adecuado en ley; la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; la probabilidad de que la causa se torne en académica de no concederse el *injunction* y, sobre todo, el posible impacto sobre el interés público del remedio que se solicita. 32 L.P.R.A. sec. 3523; 11 Wright and Miller, *op. cit.*, 430–1, 457 *et seq.; Developments in the Law—Injunctions*, 78 Harv. L. Rev. 994, 1001–1012 (1965).

En el presente caso, ITTCM goza de remedios adecuados en ley. De asistirle la razón puede optar por los remedios usuales disponibles en derecho. No se le expone a perjuicios irreparables y por lo tanto no existe peligro suficientemente sustancial de que el recurso se convierta en académico. Del otro lado, según señala el tribunal de instancia, la no adjudicación de la subasta haría imposible cumplir con los términos dispuestos en la invitación a ella, lo que causaría demora y dislocamiento en el programa de expansión y mejoramiento del sistema telefónico en Puerto Rico.

■ Las probabilidades, por último, de que ITT y sus subsidiarias prevalezcan en su contención de que debe arbitrarse la cuestión de si las cláusulas concernidas del Contrato de Suministros violan o no nuestra legislación antimonopolística no aparenta de su texto ser lo suficientemente sustanciales como para inclinar la balanza de su lado en el asunto ante nos, aparte de que la generalidad de los tribunales estima que las controversias referentes a tales violaciones no son arbitrables. *Ring* v. *Spina*, 148 F.2d 647 (2d Cir. 1945), *cert. den.* 355 U.S. 813 (1948); *American Safety Equipment* v. *J. M. Maguire & Co.*, 391 F.2d 821 (2d Cir. 1968); *Power Replacements, Inc.* v. *Air Preheater Co.*, 426 F.2d 980 (9th Cir. 1970); *Paramount Famous Lasky Corp.* v. *United States*, 282 U.S. 30 (1930). Véanse: *Perma Life Mufflers Inc.* v. *International Parts Corp.*, 392 U.S. 134 (1968); Loevinger, *Antitrust Issues as Subjects of Arbitration*, 44 N.Y.U.L. Rev. 1085 (1969).

Por los fundamentos que anteceden *se expedirá el auto y se dejará sin efecto la orden dictada por el Tribunal Superior el 31 de diciembre de 1974, prohibiendo la adjudicación de la subasta.*

El Juez Asociado, Señor Antonio S. Negrón García, concurre con el resultado en voto separado, con el cual concurre el Juez Asociado, Señor Angel M. Martín.

—O—

Voto concurrente del Juez Asociado, Señor Negrón García con el cual está conforme el Juez Asociado, Señor Angel Martín.

San Juan, Puerto Rico, a 7 de enero de 1975

Concurro con la determinación de este Tribunal dejando sin efecto la orden del tribunal de instancia que suspendió la adjudicación que se propone hacer la peticionaria Puerto Rico Telephone Company, de la subasta por equipo telefónico de

conmutación de oficina central, por entender que las conclusiones de hecho consignadas por dicho tribunal no son suficientes para cumplir con los requisitos de ley exigidos para la expedición de una orden de este tipo, que goza de la naturaleza de una de entredicho provisional. Código de Enjuiciamiento Civil 1933, Art. 677 (32 L.P.R.A. sec. 3523).