Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurso ante nuestra consideración interesa la revisión del dictamen emitido por el foro de instancia que denegó, como medida provisional, la paralización de los efectos de la adjudicación de una subasta celebrada por la Administración de Vivienda Pública para el mantenimiento y la administración de unidades de vivienda en residenciales públicos. La solicitud que produjo la *958 resolución recurrida fue presentada por los demandantes-peticionarios al amparo de la Regla 56.1 de las de Procedimiento Civil en vigor, 32 L.P.R.A. Ap. Ill, R. 56.1. 
De las alegaciones incluidas en"-el recurso ante nuestra consideración surge que en el 1992 los demandantes-peticionarios contrataron con los demandados-recurridos, la administración y mantenimiento de varias unidades de vivienda a tenor de un esquema formulado por el Gobierno de Puerto Rico que privatizó esos servicios en los residenciales públicos. Conforme el acuerdo sostenido se encomendó a los demandantes-peticionarios la administración y el mantenimiento de las unidades de vivienda contratadas a cambio de la remuneración convenida. Dichos contratos proveían para su renovación luego de estar en vigor por tres (3) años sujeto a una previa evaluación (assesment) que debería realizar la Administración de Vivienda Pública con la aprobación del "U.S. Department of Housing and Urban Development", (HUD).
La Administración de Vivienda Pública resolvió, en junio 30 de 1995, terminar y no renovar los referidos contratos otorgados a favor de los demandantes-peticionarios. Esa determinación, según se plantea en el recurso, resulta contraria a lo contemplado en cierta cláusula de los contratos otorgados. De acuerdo con la interpretación de los demandantes-peticionarios, la-.cláusula en cuestión le impone la obligación a la Administración de Vivienda Pública de realizar una evaluación (assesment) referente al desempeño de los demandantes-recurrentes en el cumplimiento del contrato durante su término inicial, previo a tomar cualesquiera determinación denegando su renovación. Sostienen los demandantes-peticionarios que al darse por terminado los contratos otorgados y celebrar una subasta para adjudicar nuevos contratos, sin esa previa evaluación (assesment), los demandados-recurridos incumplieron las disposiciones del acuerdo sostenido.
Los demandantes-peticionarios procedieron a presentar ante el tribunal de instancia una demanda sobre injunction y sentencia declaratoria contra el Estado Libre Asociado de Puerto Rico, la Administración de Vivienda Pública y el Secretario de la Vivienda. Requirieron, según lo alegan en el recurso ante nos, que se ordenase a los demandados-recurridos el cumplimiento específico de los contratos otorgados. Como medida provisional solicitaron, además, que se paralizaran los efectos de la subasta celebrada por la Administración de Vivienda Pública para adjudicar, mediante contrato, los servicios que venían prestando los demandantes-peticionarios.
Un examen del recurso ante nuestra consideración y la documentación que con el mismo acompañan los demandantes-peticionarios revela que éstos omitieron incluir en el apéndice de la petición de certiorari una copia de las alegaciones formuladas por las partes ante el tribunal recurrido según lo requiere la Regla 19(E) de nuestro Reglamento. Igualmente omitieron incluir la primera página del escrito presentado ante instancia solicitando el remedio provisional al amparo de la Regla 56.1 antes señalado. El apéndice que se incluyó consiste de la resolución recurrida; la prueba documental en que los demandantes-peticionarios descansan para sostener su interpretación referente al alegado incumplimiento y violación del contrato por los demandados-recurridos; un memorando de derecho sometido ante instancia por los demandados-recurridos en torno a su interpretación de las cláusulas y condiciones del contrato otorgado por las partes, y la segunda página de lo que aparenta ser la moción de los demandantes-peticionarios presentada ante instancia solicitando el remedio provisional al amparo de la Regla 56.1 que promovió el dictamen recurrido.
La relacionada omisión es suficiente para desestimar y negarnos a considerar los méritos del recurso. Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975); Maldonado v. Pichardo, 104 D.P.R. 778 (1975); In re: Reglamento del Tribunal Supremo, 116 D.P.R. 668 (1985). La Regla 19(E) de nuestro Reglamento, aplicable a los recurso de certiorari, exige que la petición del recurso incluirá un apéndice que contendrá: (1) las alegaciones de las partes, (2)...., (3)..., (4) cualquier otro documento que forme parte del récord en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones para tomar su decisión sobre la expedición del auto. Idem.
En anteriores ocasiones nos hemos pronunciado en el sentido de que luego de estar en operación este Foro apelativo por más de seis (6) meses unido a todo lo que se ha disertado, la información que sobre la nueva Ley de la Judicatura y nuestro Reglamento se ha circulado y diseminado a la profesión, sin dejar de mencionar los innumerables seminarios ofrecidos por nuestras diligentes instituciones, ya es hora de que exijamos a los que. ante este Foro comparecen el más estricto cumplimiento de las *959 disposiciones de nuestro Reglamento. No debe asomar la más leve duda de que para poder cualesquiera foro apelativo atender si las circunstancias de un caso ameritan que un tribunal de instancia conceda el remedio urgente que contempla la Regla 56.1, supra, es de vital importancia que conozcamos las alegaciones formuladas ante el foro de instancia en apoyo de lo se que solicita y sostiene, así como la totalidad del documento que promueve la resolución recurrida. De esa forma se nos coloca en posición de evaluar y considerar apropiadamente el recurso presentado.
Empero, el propio recurso ante nos, al igual que la explicación y discusión que en él se elaboran, constituyen a nuestro juicio, los exponentes más elocuentes de su improcedencia. Si para establecer su teoría sobre la alegada violación a los contratos otorgados es menester que los demandantes-peticionarios acudan a tantos principios de inteipretación y figuras de hermenéutica, ello demuestra, tal y como lo interpretó el foro de instancia, que no es tan diáfano el derecho aplicable y que aquel que sirve de apoyo a los demandantes-peticionarios no resulta ser tan evidente.
La oposición presentada por los demandados-recurridos fortalece esa visión. La mayor parte de su argumentación la dedican a sostener una interpretación contraria a la de los demandantes-peticionarios en relación con la cláusula de renovación del contrato, la intención de las partes y las circunstancias que ellos estiman deben coincidir antes de que se pueda activar dicha cláusula, extremos éstos sobre los cuales no nos corresponde expresar criterio alguno en estos momentos.
Utilizando por analogía los criterios exigidos para determinar la procedencia de una orden interdictal preliminar, la deficiencia apuntada le añade un fundamento adicional que sostiene la denegatoria del foro de instancia a emitir la orden solicitada. Cf., Puerto Rico Telephone Company v. Tribunal Superior, 103 D.P.R. 200 (1975); Municipio de Ponce v. Hon. Rosselló González y otros, 94 JTS 112.
Al analizar el fin principal que persigue tanto el remedio provisional dispuesto en la Regla 56.1 como la acción preliminar interdictal, no hallamos diferencia fundamental para negar a una solicitud de orden provisional para hacer o desistir de hacer actos específicos al amparo de la Regla 56.1, como la que nos ocupa, la aplicación de los criterios precisados para emitir una orden de injunction preliminar.
Para que proceda una orden de injunction preliminar se requiere, inter alia, la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo y la irreparabilidad de los daños o la inexistencia de un remedio adecuado en ley. Puerto Rico Telephone Company, supra. Si dichos criterios no se dan, en uno u otro caso, hay que descartar la concesión de una orden como la que ocupa nuestra atención, como medida provisional.
De otra parte, los remedios que concede la Regla 56.1 supra, están disponibles para utilizarse como vehículo efectivo y necesario solamente cuando de asegurar la efectividad de la sentencia se trata. Asumiendo que los demandantes-peticionarios prevalezcan en los méritos del caso por razón de la alegada violación a los contratos otorgados de parte de los demandados-recurridos, pueden reclamar los daños ocasionados como resultado. En ese sentido, disponen de un remedio adecuado en ley, por cuanto los daños que sufran pueden ser reparados. Autoridad de los Puertos de Puerto Rico v. Tribunal Superior, 103 D.P.R. 903 (1975). Ciertamente, las instituciones y organismos demandados gozan del crédito necesario que permiten concluir que cualesquiera sentencia dictada en su contra por concepto de daños ocasionados por su alegado incumplimiento, lo que en estos momentos no se encuentra ante nuestra consideración, habrá de ser satisfecha. Nada hemos encontrado en las alegaciones de los demandantes-recurrentes ni en los documentos que éstos unen al recurso presentado que nos permita sospechar o inferir lo contrario.
En la medida que no se demuestre que la orden para hacer o desistir de hacer actos específicos solicitada ante instancia por los demandantes-peticionarios es necesaria para asegurar la efectividad de la sentencia conforme los términos antes expresados, no dejaremos sin efecto la determinación, no caprichosa ni arbitraria, del tribunal recurrido para denegar la concesión de lo solicitado con arreglo a su discrecional criterio, en ausencia de un claro abuso de discreción. Municipio de Ponce v. Rosselló González, supra.
*960 Al someter las circunstancias concurrentes a ese delicado balance y ponderación, tomando en consideración los intereses en conflicto con atención a lo justo y lo injusto, lo adecuado o inadecuado, la necesidad de interpretare! derechó' invocado junto al impacta del remedio solicitado sobre el interés público, la balanza también se inclina marcadamente en contra de conceder el remedio provisional solicitado por los demandantes-peticionarios.
Adicionalmente somos del criterio que el mecanismo de la sentencia declaratoria, al cual acuden los demandantes-peticionarios conforme surge del epígrafe del recurso ante nuestra consideración, es vehículo apropiado para proteger los intereses .de éstos, comía celeridad que reclaman. La amplia discreción que le concede'a:los tribunales la Regla 59.1; de Procedimiento Civil,. 32 L.P.R.A. Ap. III, R. 59.1,2 es fuente inagotable para la innovación y diseño de medidas que provean el remedio rápido y eficaz que reclaman los demandantes-peticionarios cuando no puede prosperar la concesión del remedio provisional preceptuado por la Regla 56.1.
Por los fundamentos que anteceden, se deniega la expedición del recurso de certiorari solicitado. En tal virtud se confirmáis resolución recorrida y se ordéna la continuación de los procedimientos ante el foro de instancia de conformidad conlo aquí resuelto. * .
Lo acuerda el tribunal y lo certifica la Secretaria General.
María de la C. González Cmz
Secretaria General
ESCOLIOS 95DTA245
1. "56.1 Principios generales

En todo pleito antes o después ,de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial."

2. "59.1 Cuándo procede
El Tribunal Superior tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas aunque se inste o pueda instarse otro remedio. No se estimará motivo suficiente para atacar un procedimiento o acción el que se solicite una resolución o sentencia declaratoria. La declaración podrá ser en su forma y efectos, afirmativa o negativa, y tendrá la eficacia y vigor de las sentencias o resoluciones definitivas. El tribunal podrá ordenar una vista rápida de un pleito de sentencia declaratoria, dándole preferencia en el calendario."