# 96 DTA 83

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

RAMALLO BROS. PRINTING, INC.
Peticionario-Recurrente

v.

MOORE BUSINESS FORMS DE PUERTO RICO, JUNTA DE SUBASTAS DEL
DEPARTAMENTO DE HACIENDA, HONORABLE MANUEL DIAZ SALDAÑA, SECRETARIO
DE HACIENDA, DEPARTAMENTO DE HACIENDA
Demandados-Recurridos

Núm. KLCE-96-00007

San Juan, Puerto Rico, a 8 de febrero de 1996

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La peticionaria, Ramallo Bros. Printing, Inc., (Ramallo), presentó recurso de *certiorari* para revisar una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se declaró sin lugar una solicitud de una orden de entredicho provisional presentada por dicha parte.

La peticionaria interesaba, a través de la orden de entredicho, que se paralizace la compra de los formularios de las planillas de contribución sobre ingresos correspondientes al año fiscal 1995, por el Departamento de Hacienda a Moore Business Forms de Puerto Rico (Moore). A ésta última se le adjudicó la subasta para la adquisición de los referidos formularios.

Considerados los planteamientos de las partes, procedemos a denegar la solicitud del auto de *certiorari* en vista de que el Tribunal de Primera Instancia no erró al negarse a expedir la orden de

entredicho provisional, conforme los criterios establecidos para su concesión.

# I
La Junta de Subastas del Departamento de Hacienda celebró el 10 de noviembre de 1995 una subasta para el otorgamiento de un contrato para la manufactura e impresión de las planillas de contribución sobre ingresos de individuos y de corporaciones, correspondientes al año fiscal 1995. La peticionaria, Ramallo, fue uno de los licitadores.

El 13 de noviembre de 1995 la Junta de Subastas del Departamento de Hacienda determinó adjudicar la subasta a Moore. No conforme con dicha adjudicación, el 22 de noviembre de 1995 la peticionaria la impugnó y solicitó reconsideración ante la Junta de Subastas. En síntesis, adujo que ella había sido el postor responsable más bajo en precio, sosteniendo que Moore no había sometido con su propuesta la certificación notarizada del manufacturero del papel haciendo constar que el producto que ofrecía cumplía con la propuesta, y que tampoco había presentado una muestra de trabajo representativo del producto.

El 27 de noviembre de 1995, la Junta de Subastas del Departamento de Hacienda declaró no ha lugar la impugnación y reconsideración de la peticionaria.

El 1ro. de diciembre de 1995 la peticionaria presentó ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una solicitud de revisión y una moción en auxilio de jurisdicción, en la que pedía una orden de entredicho provisional para paralizar la manufactura y entrega de las planillas por Moore al Departamento de Hacienda. El 7 de diciembre de 1995 el tribunal de instancia dictó resolución declarando sin lugar la solicitud de entredicho provisional. El 3 de enero de 1996 la peticionaria presentó el recurso de *certiorari* ante este Foro.

Como único señalamiento de error aduce la peticionaria que el tribunal de instancia incidió al declarar no ha lugar a la solicitud de entredicho provisional, la cual perseguía que el recurso de revisión presentado por ésta no adviniese académico y la revisión del tribunal se viese anulada.

# II
Antes de pasar a discutir el error señalado por la peticionaria, es preciso consignar que la recurrida, Moore, presentó el 16 de enero de 1996 un escrito de oposición a la petición de *certiorari* en el cual, además de controvertir las aseveraciones o fundamentos de impugnación presentados por la peticionaria, señala que a esa fecha ya se habían entregado más de ochocientos mil (800,000) formularios de planillas al Departamento de Hacienda, y esperaba entregar el remanente no más tarde del 22 de enero de este año.

El tribunal de instancia declaró sin lugar la solicitud de entredicho provisional fundada su determinación en los criterios establecidos en los casos de *P.R. Telephone Co. v. Tribunal,* 103 D.P.R. 200 (1975); *A.P.P.R. v. Tribunal,* 103 D.P.R. 903 (1975).

En este caso, debemos considerar no sólo los criterios establecidos en los casos antes citados, sino también cualquier cambio en las circunstancias desde que se solicitó la orden hasta el momento en que ésta se expediría. Sobre este particular, el Tribunal Supremo en el caso de *Universidad del Turabo v. L.A.I.,* 126 D.P.R. ___ (1990), **90 JTS 82,** expuso lo siguiente:

*"De otra parte, además de los requisitos señalados, antes de emitir una orden de injunction permanente, los tribunales también tienen que tomar en consideración cualquier cambio entre las circunstancias presentes cuando se hizo la solicitud y aquellas que prevalezcan al momento en que se va a dictar la orden. La regla general es al efecto de que un injunction debe concederse o denegarse a base de los hechos y circunstancias existentes a la fecha del recurso. Trigo Hnos. v. Sobrino Izquierdo, 72 D.P.R. 449, 465 (1951). "[E]l estado de cosas existente al momento del pleito, más bien que el existente al tiempo de iniciársele, [es] lo que es pertinente y lo que sirve de base al remedio solicitado." Las Monjas Racing Corp. v. Comisión Hípica, 57 D.P.R. 522, 524 (1940), Trigo Hnos. v. Sobrino de Izquierdo, supra, Torruella v. Sucn. Serrallés, 57 D.P.R. 280 (1940). Por tal razón los tribunales tienen que estar atentos a que su intervención no se convierta en inmeritoria, en la eventualidad de que surja un remedio que el promovente antes no tenía o no le era del todo eficaz y*

*adecuado."*

En aquellos casos en que un tribunal ya ha emitido el recurso, cuando las circunstancias o estado de derecho que dieron lugar a su expedición varían, se ha dicho que el recurso no puede sobrevivir tales cambios. El remedio no se perpetúa más allá de su razón genésica. Los tribunales nunca deben ignorar cambios de relieve en la ley o en las circunstancias que sostienen el injunction a riesgo de que éste se convierta en *instrumento de injusticia. A.P.P.R. v. Tribunal, supra, pág. 909. "[El] injunction es un remedio dinámico sobre el cual los tribunales siempre conservan jurisdicción para dejarlo sin efecto o modificarlo a favor o en contra del que resulta obligado." Noriega Rodríguez v. Hernández Colón, Op. de 21 de noviembre de 1988, 120 D.P.R. ___ (1988), 88 J.T.S. 141.*

*Conforme a todo lo anterior, los tribunales, al expedir un auto de injunction, tienen que determinar que no existe un remedio adecuado en ley, tanto al momento en que se solicita el remedio, como cuando se celebra la vista en su fondo. según hemos apuntado, hay que prestar particular atención a cualquier cambio en los hechos o circunstancias ocurridos durante el período transcurrido desde que se solicita la orden hasta que se expide, y aún después de expedido. Véase Noriega Rodríguez v. Hernández Colón, supra. ..."*

Para la fecha en que se presentó el recurso de *certiorari* en este caso, 3 de enero de 1996, ya se habían entregado al Departamento de Hacienda un Número considerable de los formularios, pues en su escrito la propia peticionaria reconoce que para el 19 de enero de 1995, Moore ya había suministrado cientotreinta y cinco mil (135,000) ejemplares. Es de notar además, que la resolución del tribunal declarando no ha lugar a la solicitud de entredicho provisional fue notificada a las partes el 8 de diciembre de 1995 y no es hasta el 3 de enero de 1996, o sea, luego de transcurridos veintiseis (26) días, que la peticionaria recurre ante nos en la petición de *certiorari* de epígrafe. Lo anterior, nos lleva a la conclusión de que la incuria de la peticionaria en reclamar su alegado derecho, ha ocasionado que su reclamo sobre la orden de entredicho se torne académica, pues se habían entregado la mayoría de las planillas. Esto sin tomar en cuenta que previo a la entrega, ya la parte recurrida, Moore, había manufacturado las mismas. Por esta razón no procede la solicitud para que se expida el auto de *certiorari* y se revoque la Resolución que denegó la orden de entredicho provisional, según solicitada por la peticionaria.

Ahora bien, independientemente de lo anterior, cabe señalar que tomando en consideración los criterios de los casos de *P.R. Telephone Co. v. Tribunal, supra,* y *A.P.P.R. v. Tribunal, supra,* tampoco se justificaba la expedición de la orden de entredicho. El daño a la peticionaria, si alguno, no es irreparable. En adición, atendidos los argumentos de las partes, la probabilidad de prevalecer en los méritos la peticionaria no ha sido demostrada frente a los argumentos de la recurrida, Moore. Pero aún más importante es el interés público aquí envuelto, el cual claramente se vería afectado, pues la paralización de la entrega de los formularios hubiese conllevado un disloque en el cobro de las contribuciones ya que la entrega de las planillas a los contribuyentes se efectuaría en el mes de enero.

Por las consideraciones anteriores, se deniega el auto de *certiorari* solicitado por Ramallo Bros. Printing Co.

Regístrese y notifíquese.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General