Voto particular disidente emitido por la
Jueza Asociada Oronoz Rodríguez, al cual se unen la Jueza Presidenta Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez.
Disiento por entender que el proceder de una mayoría de este Tribunal no solo es precipitado, sino también contrario a derecho. Primero, no existe urgencia alguna que justifique abusar del recurso excepcional de certificación intrajurisdiccional y obviar el trámite ordinario que debe seguir la demanda de epígrafe. Segundo, la solicitud presentada por el Ledo. Thomas Rivera Schatz no cumple con los requisitos que nuestro ordenamiento exige para paralizar los efectos de una ley que se presume válida y constitucional.
I
Los hechos procesales que originan la Resolución de la cual disiento son breves. El lunes 28 de julio de 2014, el licenciado Rivera Schatz presentó una demanda en el Tri *458 bunal de Primera Instancia. En ésta, impugnó la constitucionalidad de la Ley Núm. 109-2014, aprobada ese mismo día (Ley de Colegiación Compulsoria), y solicitó un injunction preliminar para suspender su implantación. Ayer, 29 de julio de 2014, a las 10:35 a. m., presentó la solicitud de certificación que hoy atendemos. Nos solicitó que certificáramos intrajurisdiccionalmente la demanda que presentó ante el foro primario. En solo horas, una mayoría de este Tribunal decidió conceder lo solicitado y certificar una Resolución a esos efectos, a mi entender, erradamente.
II
La Regla 23 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, rige el procedimiento para las certificaciones intrajurisdiccionales. A pesar de que esta regla dispone que este recurso se expedirá discrecionalmente, ello no nos autoriza a abusar de este recurso para adelantar la consideración de pleitos que todavía están en las etapas más tempranas de los procedimientos ante el Tribunal de Primera Instancia.(1)
El caso de epígrafe no se limita estrictamente a controversias de derecho. Entre las alegaciones incluidas en su demanda, el licenciado Rivera Schatz cuestiona el interés apremiante del Estado para aprobar la Ley de Colegiación Compulsoria. En particular, señala que
[...] en ningún lugar en la referida ley se hace mención de problema alguno que las disposiciones de la Ley de Colegiación Compulsoria piensa atajar en materia de la reglamentación o práctica de la profesión legal o del notariado, problemas de acceso a la justicia por parte de la ciudadanía, problemas de disciplina en la profesión, problemas con la competencia de los servicios legales, problemas con el funcionamiento de los tribunales, o mal alguno derivado de la colegiación voluntaria de la abogacía o el notariado. Demanda, pág. 10, Apéndice de *459 la Petición de certiorari, pág. 10.
Asimismo, el peticionario asegura que existen “medidas menos onerosas” para adelantar el interés que el Estado alega tener para justificar la aprobación de la ley impugnada.
Por su parte, el Estado presentó una “Urgente moción en oposición a recurso de certificación”, pág. 3, en la que sostuvo que
[...] es de notar que mediante el recurso de certificación el demandante pretende que este Alto Foro dilucide los méritos de la controversia meramente a base de sus alegaciones y sin que se cumpla con un proceso ordinario que le permita a las partes exponer adecuadamente sus respectivas posturas y, de ser necesario, presentar la prueba correspondiente.
De ambas comparecencias se desprende que las partes están en desacuerdo sobre la constitucionalidad de la legislación en controversia y las consideraciones tácticas que sirvieron de trasfondo para su aprobación. Consecuentemente, entiendo que tanto el peticionario como el Estado deben tener la oportunidad de defender sus respectivas posiciones mediante un proceso ordinario que ofrezca la oportunidad de presentar prueba, de ser necesario. Esto como parte del debido proceso de ley que nuestra Constitución garantiza a ambos. Véase Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.
Es por ello que me opongo a conceder el recurso de certificación intrajurisdiccional aseverando livianamente que el recurso ante nos solo presenta controversias de derecho. Sobre este proceder, comparto la consternación del Prof. Efrén Rivera Ramos cuando expresa que
[...] preocupa el uso frecuente de los recursos de certificación para elevar cuestiones litigiosas al Tribunal Supremo sin que se tenga el beneficio de desarrollar un récord fáctico apropiado en los tribunales inferiores. Si bien en determinadas y excepcionales ocasiones el recurso de certificación puede servir laudables fines de interés público, su generalización y abuso puede trastocar seriamente la administración de la justicia. Mal utilizado, puede privar a los litigantes, sobre todo a los *460 que litigan contra el Estado, de la oportunidad de presentar adecuadamente sus reclamos, probar sus alegaciones y refutar las alegaciones del Estado demandado. En fin, puede escamotearles el derecho a que sus derechos se adjudiquen sobre bases fundadas en hechos establecidos mediante procesos confiables y justos. Ese abuso puede constituir, en definitiva, una privación efectiva a los litigantes de su día en corte. (Énfasis en el original). E. Rivera Ramos y J. Farinacci Fernós, Derecho constitucional, 80 (Núm. 3) Rev. Jur. UPR 603, 635 (2011).
III
Tampoco estoy de acuerdo con ordenar la paralización de los efectos de la Ley de Colegiación Compulsoria. Es evidente que la demanda presentada por el licenciado Rivera Schatz no cumple con la normativa sobre la concesión del recurso extraordinario de injunction preliminar. Al respecto, el Art. 678(3) del Código de Enjuiciamiento Civil, 32 LPRA see. 3524, establece lo siguiente:
No podrá otorgarse un injunction ni una orden de entredicho [...] [p]ara impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico [...] a me-nos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.
Disponiéndose, sin embargo, que el tribunal podrá dictar dicha orden de entredicho provisional, injunction preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil:
(a) En aquellos casos en que ello sea indispensable para hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable a la parte peticionaria.
(b) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado *461 Libre Asociado de Puerto Rico.
Por otro lado, la Regla 57.2(b) de Procedimiento Civil, 32 LPRA Ap. V, requiere que se celebre una vista para considerar una solicitud de injunction preliminar. Véase D. Rivé Rivera, Recursos extraordinarios, Ira ed., Atlanta, Ed. Darby Printing Company, 1989, pág. 28. Esto garantiza el debido proceso de ley de las partes, al concederles la oportunidad de ser oídas y de presentar su prueba. Id. Además, la Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone que, para expedir un recurso de injunction preliminar, se deben considerar los siguientes factores:
(a) La naturaleza del daño a que está expuesto la parte peticionaria;
(b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
(c) la probabilidad de que la parte promovente prevalezca;
(d) la probabilidad de que la causa se torne en académica;
(e) el impacto sobre el interés público del remedio que se solicita, y
(f) la diligencia y la buena fe con que ha obrado la parte peticionaria.
Vemos, pues, que para conceder un injunction preliminar es indispensable cumplir con el requisito de que el peticionario esté sujeto a sufrir un daño irreparable. Véanse: Plaza Las Américas v. N & H, 166 DPR 631 (2005); Mun. de Loíza v. Sucns. Suárez et al., 154 DPR 333 (2001); P.R. Telephone Co. v. Tribunal Superior, 103 DPR 200 (1975).
Otro requisito que nuestras Reglas de Procedimiento Civil exigen en cuanto a la concesión de este tipo de injunction está contenido en la Regla 57.5 de dicho cuerpo reglamentario, la cual establece que “[t]oda orden que conceda un entredicho provisional o un injunction preliminar o permanente deberá expresar las razones para su expedición. Será redactada en términos específicos y describirá con detalle razonable [...] el acto o actos cuya realización se prohíbe”.
En este caso, el peticionario impugna la constitucionalidad de la Ley de Colegiación Compulsoria. De acuerdo *462 con el derecho aplicable antes reseñado, esta legislación se presume constitucional y válida. Según lo exige el Art. 678(3) del Código de Enjuiciamiento Civil, supra, no podemos ordenar su paralización, toda vez que no existe una sentencia final y firme que decrete su inconstitucionalidad o invalidez. Tampoco están presentes los requisitos para paralizarla mediante un injunction preliminar. Hacerlo no es indispensable para hacer efectiva nuestra jurisdicción. No existe una determinación judicial previa de que expedir el injunction evitaría un daño irreparable al peticionario. De hecho, la propia ley impugnada establece en su Artículo 13 que “[l]os abogados que a la fecha en que entre en vigor esta Ley no estén colegiados deberán cumplir con dicho requisito en un término no mayor de noventa (90) días a contarse desde el lero de enero del próximo año natural posterior a la entrada en vigor de esta Ley”. (Enfasis suplido). Es decir, los abogados no colegiados y las abogadas no colegiadas, así como el peticionario, tienen hasta noventa días después del 1 de enero de 2015 para cumplir con lo dispuesto por el estatuto. Siendo así, no hay urgencia alguna para paralizar los efectos de la ley y acelerar precipitadamente el trámite judicial del caso de referencia.
De la misma forma, tampoco procede conceder la paralización solicitada fundamentándonos en que el peticionario alega una violación a sus derechos constitucionales. Para ello, el inciso (b) del Art. 678(3) del Código de Enjuiciamiento Civil, 32 LPRA sec. 678(3)(b) exige celebrar una vista antes de conceder el injunction preliminar. Véanse: Regla 57.2(b) de Procedimiento Civil, supra; Rivé Rivera, op. cit. Obviar esta exigencia para acoger el curso de acción dispuesto en la resolución implicaría que cualquier ciudadano podría detener la implantación de cualquier ley con solo alegar una violación a sus derechos constitucionales.
*463 Nótese, además, que la Resolución emitida no cumple con la Regla 57.5 de Procedimiento Civil, supra, pues no especifica las razones para la expedición del injunction preliminar.
Para obviar el craso incumplimiento con el marco jurídico reseñado, la Resolución cita otra Resolución: AMPR et als. v. Sist. Retiro Maestros II, 190 DPR 88 (2014). Basta recordar que las Resoluciones no constituyen precedente. Véanse: Delgado, Ex parte, 165 DPR 170, 182 (2005); Mayol v. Torres, 164 DPR 517, 546 (2005); Díaz v. Colegio Nuestra Sra. del Pilar, 123 DPR 765, 777 (1989). Véase, además, R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Pubs. JTS, 1987, Vol. I, pág. 158.
Por todo lo anterior, entiendo que la prudencia y el derecho nos exigen permitir que el caso siga su trámite ordinario ante el Tribunal de Primera Instancia. Los jueces y las juezas de dicho foro cuentan con la experiencia, la capacidad y los recursos para atender este asunto con la rapidez y el cuidado que amerita. Así, las partes podrán presentar sus respectivas posiciones. Una vez el foro primario emita el dictamen correspondiente, la parte que esté inconforme podrá recurrir a los foros apelativos y estaremos en mejor posición para atender detenida, pero oportunamente, los asuntos planteados.
IV
Por último, no puedo finalizar mi disenso sin hacer constar mi decepción con el trámite apresurado que una mayoría de este Tribunal impuso para certificar la Resolución de la cual disiento. La solicitud de certificación llegó a este Tribunal ayer, 29 de julio de 2014, a las 10:35 a. m. Hoy, a las 10:10 a. m, se nos circuló el memorando recomendando el curso de acción e informando que la Resolu-
*464 ción correspondiente se certificaría hoy a las 4:00 p. m. No se nos incluyó copia de la solicitud de certificación que se pretendía conceder.(2)
Además de que el curso de acción es contrario a derecho y de que no existe urgencia alguna que lo justifique, sostengo que, como mínimo, se debió brindar más tiempo a los miembros de este Foro para examinar la solicitud de epígrafe. Me parece desafortunado que haya tenido que formular apresuradamente una posición sin haber contado desde un inicio con el beneficio de tener copia del recurso y sin que este caso esté revestido del tipo de urgencia que, en otras circunstancias, hubiera justificado tal proceder. En definitiva, esta no es la manera en que el Máximo Foro de nuestro País debe atender asuntos de tan alto interés público.

 En el caso de autos, por ejemplo, la parte demandante no había tan siquiera emplazado a la parte demandada.

 La solicitud de certificación fue recibida por la Sala de Verano compuesta por la compañera Juez Asociada Señora Rodríguez Rodríguez, la compañera Jueza Asociada Señora Pabón Chameco y el compañero Juez Asociado Señor Rivera García. Es decir, los restantes seis miembros de este Tribunal no recibimos copia del referido recurso, hasta hoy cerca del mediodía.