Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JOED TORRES MONGE | | |
|---|---|---|
| Demandante-Apelante | | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de San Juan |
| Vs. | | |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO P/C DEPARTAMENTO DE JUSTICIA DE PUERTO RICO Y OTROS | TA2026AP00196 | Caso Núm. SJ2025CV07318 Sala: 1003 Sobre: INJUNCTION (ENTREDICHO PROVISIONAL, INJUNCTION PRELIMINAR Y PERMANENTE) Y OTROS |
| Demandados-Apelados | | |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 14 de abril de 2026.

Comparece el apelante, Joed Torres Monge (en adelante, el señor Torres Monge o apelante), y solicita que dejemos sin efecto la sentencia emitida y notificada el 30 de enero de 2026, por el Tribunal de Primera Instancia, Sala de San Juan. Por medio de esta, el foro primario desestimó una acción civil sobre sentencia declaratoria e injunction preliminar y permanente promovida en contra de los aquí apelados, el Estado Libre Asociado (en adelante, ELA) y la Policía de Puerto Rico (en adelante, Policía de PR).

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

*-I-*

El 18 de agosto de 2025, el apelante presentó la demanda de epígrafe.[1] En su escrito, manifestó que había sido previamente

---

[1] Apéndice del recurso, Entrada Núm. 1, págs. 1-6.

acusado de infringir las disposiciones contenidas en el 18 USCA sec. 2252, al alegarse la posesión de 19 fotos de pornografía infantil, las cuales según expuso, no se encontraban visibles en su equipo, pero aparecían registradas como archivos eliminados en su computadora. A consecuencia de lo anterior, indicó que fue sentenciado el 14 de noviembre de 2017, a un término de 8 años, a ser cumplidos en probatoria, cuyo vencimiento, según indicó, finalizaba el 13 de noviembre de 2025.

En el pliego sostuvo, que por entender que mantenía una buena conducta, presentó el 15 de noviembre de 2022, una moción intitulada *Motion Requesting Early Termination*, mediante la cual solicitó la terminación anticipada del término de probatoria, cuyo vencimiento según afirmó, culminaba el 13 de noviembre de 2025. Surge del escrito que, posteriormente el 5 de diciembre de 2022, el Tribunal emitió una orden mediante la cual relevó al apelante del término restante de la sentencia en probatoria.

En su demanda, el apelante arguyó que los apelados lo registraron en la División de Registro de Ofensores Sexuales como un Ofensor Sexual Tipo I. No obstante, alegó que dicha división de la Policía de PR modificó su clasificación a Ofensor Sexual Tipo II, lo cual, según él, contravenía las disposiciones de la Ley Núm. 266-2004 enmendada por la Ley Núm. 243-2011. En virtud de ello, solicitó específicamente que se ordenara la corrección en el registro para que constara como Ofensor Sexual Tipo I.

En respuesta, los apelados presentaron el 20 de octubre de 2025 *Moción de Desestimación.*[2] Mediante la misma, argumentaron que el presente caso debía ser desestimado, por entender que el apelante no demostró un daño particularizado ni irreparable para solicitar un injunction. Según expresaron, las disposiciones

---

[2] *Íd.*, Entrada Núm. 8 págs. 1-16.

contenidas en la Ley Núm. 266-2004, aplicaban por igual a todas las personas que debían ser registradas en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores. Por lo cual, solicitaron al foro primario que desestimara la acción de epígrafe bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

El 29 de octubre de 2025, el apelante presentó *Moción en Oposición a la Desestimación.*[3] En su escrito reiteró, que la reclasificación emitida por la División de Registro de Ofensores Sexuales era errónea con lo dispuesto en la Ley Núm. 266-2004 enmendada por la Ley Núm. 243-201. Por lo cual, solicitó al foro primario que aplicara la clasificación de Ofensor Sexual I.

Evaluados los planteamientos de las partes, el Tribunal de Primera Instancia emitió el 30 de enero de 2026, la sentencia apelada. Mediante la misma, concluyó que el estatuto de la Ley 266-2004 era claro en los delitos que corresponden a las clasificaciones Ofensor Sexual Tipo I y Ofensor Sexual Tipo II y que en el presente caso debía continuar registrándose al apelante como Ofensor Sexual Tipo II. Respecto al injunction, el foro sentenciador determinó que no procedía. Así pues, desestimó la causa de acción de epígrafe con perjuicio.

Inconforme, el 24 de febrero de 2026, el apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formuló los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al no considerar ni evaluar debidamente los argumentos presentados por el apelante en relación con la solicitud de interdicto y/o la solicitud de sentencia declaratoria.
>
> Erró el Tribunal de Primera Instancia al dictar una sentencia de desestimación con perjuicio sin evaluar ni interpretar correctamente las definiciones de las clasificaciones de ofensores contenidas en las Leyes Especiales Núm. 243 de 14 de diciembre de 2011 y Núm. 266 de 9 de septiembre de 2004, así como la definición contenida en el Artículo 147 del Código Penal

---

[3] *Íd.*, Entrada Núm. 10 págs. 1-9.

de Puerto Rico, lo que resultó en una determinación errónea de la clasificación aplicable al apelante.

Resolvemos con el beneficio de la comparecencia escrita de las partes, el contenido del expediente y el derecho aplicable.

*-II-*

*-A-*

En primer lugar, el Registro de Ofensores Sexuales se creó tras la aprobación de la Ley Núm. 28 de 1 de julio de 1997 ("Ley 28-1997"), también conocida como *Ley del Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores,* según enmendada. El referido estatuto establecía que las personas convictas por los delitos allí contenidos se mantendrían en el Registro de Ofensores Sexuales por un periodo de diez (10) años "*desde que la persona cumplió la sentencia de reclusión, desde que comenzó a cumplir la sentencia bajo el beneficio de libertad a prueba o desde que es liberada bajo palabra*". A su vez, disponía que, una vez transcurrido este término, el nombre y los datos del convicto serían eliminados del Registro de Ofensores Sexuales. Posteriormente, la Ley Núm. 28-1997 fue derogada por la Ley Núm. 266 de 9 de septiembre de 2004 ("Ley 266-2004"), también conocida como *Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores.* En esta se estableció como política pública que el Registro no tenía un propósito punitivo, sino que pretendía garantizar la seguridad y el bienestar general de la población más vulnerable de la sociedad. Además, la nueva ley mantuvo la obligación de permanecer inscrito en el Registro de Ofensores Sexuales, pero por un "*período mínimo de diez (10) años desde que cumplió la sentencia impuesta*". Igualmente impuso el requisito de actualizar la información en el Registro anualmente.

Posteriormente, la Ley 266-2004 fue sustancialmente enmendada por la Ley Núm. 243 de 14 de diciembre de 2011 ("Ley

243-2011"). Esta legislación tuvo como finalidad armonizar el estatuto local a la ley federal *Adam Walsh Child Protection and Safety Act of 2006*", también conocida como el "*Sex Offender Registration and Notification Act* (SORNA)". En dicha ley, se reiteró, una vez más, que el Registro de Ofensores Sexuales no tenía un propósito punitivo, sino que era un medio por el cual el Estado podía velar por la seguridad, protección y bienestar de la ciudadanía.

La Ley 243-2011 dispuso la clasificación de los ofensores sexuales en tres categorías, conforme al tipo de delito sexual cometido. Según esta categorización, se estableció que el Ofensor Sexual Tipo I debía permanecer inscrito y cumplir con los requisitos por un periodo de quince (15) años, mientras que el Ofensor Sexual Tipo II debía cumplir por un término de veinticinco (25) años y el Ofensor Sexual Tipo III, de por vida. Por otro lado, la referida ley también dispuso que quedarían registradas "*las personas que, al momento de la aprobación de esta ley, tenían la obligación de registrarse bajo la Ley 28-1997, según enmendada.*

En lo pertinente al asunto que nos ocupa, la referida legislación establece en su Artículo 2 lo siguiente:

(8) Ofensor Sexual Tipo I. -Personas que resulten convictas por los siguientes delitos o su tentativa o conspiración, cuando se incurre en conducta constitutiva de abuso sexual:

(a) Restricción de la libertad, cuando la víctima fuere menor de dieciocho (18) años, según comprendido en la sec. 4796 (e) del Título 33.

(b) Restricción de libertad agravada, cuando la víctima fuere menor de dieciséis (16) años, según comprendido en el Artículo 131 (e) de la Ley Núm. 115 de 22 de julio de 1974, según enmendada.

(c) Delito de maltrato a menores, según establecido en los Artículos 75 y 76 de la Ley 177-2003, cuando se incurre en conducta constitutiva de abuso sexual.

(d) Maltrato gravado conyugal, cuando se cometiere y simultáneamente se incurriere en conducta constitutiva de abuso sexual, en maltrato de un menor, según definido en la Ley 177-2003, según comprendido en la sec. 632 (g) del Título 8.

(e) Envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno; Espectáculos obscenos; Exposiciones deshonestas cuando el acto tuviere lugar en presencia de una persona menor de 16 años, según establecido en los Artículos 106, 113 y 114 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada; y en las secs. 4783 y 4784 del Título 33.

(f) Exposiciones obscenas; Proposición obscena, según tipificados en las secs. 4775 y 4776 del Título 33.

(g) Cualquier delito antecedente o sucesor de los mencionados en las cláusulas (a), (b), (c), (d), (e) o (f) de este inciso.

(9) Ofensor Sexual Tipo II.- Personas que resulten convictas por los siguientes delitos o su tentativa o conspiración cuando la víctima fuere un menor de edad:

(a) Actos lascivos o impúdicos; proxenetismo o comercio de personas; delitos contra la protección de menores, perversión de menores cuando se admitiere o retuviere a un menor de dieciocho (18) años en una casa de prostitución o sodomía, comprendidos en los Artículos 105, 110 (a) y (c), 111 (a) y 115 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada.

(b) Actos lascivos, proxenetismo, rufianismo y comercio de personas; producción de pornografía infantil; posesión y distribución de pornografía infantil; utilización de un menor para pornografía infantil; corrupción de menores cuando se admitiere o retuviere a un menor en una casa de prostitución o de comercio de sodomía, comprendidos en las secs. 4765 (e), 4772, 4781(a), 4785 y 4787 del Título 33.

(c) Agresión sexual, comprendida en los incisos (f), (h), (i) de la sec. 4770 del Título 33.

(d) Un Ofensor Sexual Tipo I convicto anteriormente de un delito sexual y que posteriormente comete otro delito sexual o su tentativa o conspiración.

(e) Cualquier delito o su tentativa antecedente o sucesor de los mencionados en la cláusula (a), (b) o (c) de este inciso.

(10) Ofensor Sexual Tipo III.-Que resulten convictas por los siguientes delitos o su tentativa:

(a) Violación; seducción; sodomía; actos lascivos cuando la víctima no ha cumplido los dieciséis (16) años; incesto; secuestro cuando la víctima fuere menor de dieciocho (18) años y no fuere su hijo, robo de menores comprendidos en los Artículos 99, 101, 103, 105, 122, 137-A (a) y 160, respectivamente, de la Ley Núm. 115 de 22 de julio de 1974, según enmendada; y agresión sexual conyugal, según tipificada en la sec. 635 del Título 8.

(b) Agresión Sexual, según comprendido en los incisos (a), (b), (c), (d), (e) o (g) de la sec. 4770 del Título 33.

(c) Actos lascivos, cuando la víctima no ha cumplido los trece (13) años de edad; secuestro de menores; secuestro agravado cuando la víctima fuere menor de dieciocho (18) años, según comprendidos en las secs. 4762, 4772 y 4798 (a) del Título 33.

(d) Un Ofensor Sexual Tipo II convicto anteriormente de un delito sexual y que posteriormente comete otro delito sexual.

(e) Cualquier delito antecedente o sucesor de los mencionados en las cláusulas (a), (b) y (c) de este inciso.

4 LPRA sec. 536

Por su parte y pertinente al asunto que nos ocupa, el Artículo 147 del Código Penal, 33 LPRA sec. 5208 reza como sigue:

Toda persona que a sabiendas posea o compre material o un espectáculo de pornografía infantil será sancionada con pena de reclusión por un término fijo de doce (12) años, más la pena de restitución, salvo que la víctima renuncie a ello. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta cuarenta mil dólares ($40,000), más la pena de restitución, salvo que la víctima renuncie a ello. Toda persona que a sabiendas imprima, venda, exhiba, distribuya, publique, transmita, traspase, envíe o circule material o un espectáculo de pornografía infantil será sancionada con pena de reclusión por un término fijo de quince (15) años, que deberá cumplir en años naturales. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta cincuenta mil dólares ($50,000).

***-B-***

Por otro lado, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que, la parte demandada solicite la desestimación de una demanda en su contra por: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio [y,] (6) [por] dejar de acumular una parte indispensable.

En lo pertinente al asunto que nos ocupa, la regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. Este planteamiento "no está sujeto a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020). Bajo este marco, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Costa Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 78 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, pág. 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994).

**-C-**

Es una norma firmemente establecida que el recurso extraordinario de *injunction* es un mandamiento judicial en virtud del cual se requiere que una persona se abstenga de hacer, o de permitir que se haga, determinada cosa que infrinja o perjudique el derecho de otra. Este recurso fue adoptado del sistema de equidad inglés y se utiliza, principalmente, *en casos donde no hay otro remedio adecuado en ley.* Nuestro ordenamiento jurídico cuenta con tres modalidades de este tipo de recurso, a saber: el entredicho provisional, el *injunction* preliminar y el *injunction* permanente. *Next Step Medical v. Bromedicom et al,* 190 DPR 474, 486 (2014). En ese contexto, el estado de derecho reconoce que el *injunction* estatutario es independiente del *injunction* tradicional, por lo que generalmente está exento de las exigencias legales que rigen a este último tipo de mecanismo. *Next Step Medical v. Bromedicom et al, supra*, pág. 486.

La norma reconoce que los requisitos para la ejecución del *injunction* tradicional son más rigurosos que los aplicables a aquel de índole estatutario. *Íd.,* pág. 486; *CBS Outdoor v. Billboard One, Inc.,* 179 DPR 391, 410 (2010). Ello obedece a que, en esencia, el interdicto tradicional se adoptó del sistema de equidad inglés para disponer de situaciones para cuya atención no existe remedio adecuado en ley. *Íd.,* pág. 410*; ARPe v. Rivera,* 159 DPR 429, 444 (2003).

De otro lado, el *injunction* estatutario, tiene su origen en un mandato legislativo expreso. *ARPe v. Rivera, supra*, pág. 444; *Plaza Las Américas v. N&H*, 166 DPR 631, 650 (2005). Por ello, contrario al interdicto tradicional, su concesión "requiere un tratamiento especial, enmarcado en un escrutinio judicial más acotado." *Next Step Medical v. Bromedicom et al, supra,* pág. 497. Según la

interpretación normativa vigente, este tipo de interdicto especial procura que se obtenga una orden para paralizar, ya sea de forma inmediata, provisional o permanente, la ejecución de determinada conducta contraria a los términos de ley. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Estados Unidos., Pubs. JTS, 2011, T. V, pág. 1672.

Por tanto, al interponerse una solicitud de *injunction* de esta naturaleza, "[no] se requiere alegación ni prueba de daños irreparables, [sino] solo la determinación de que el demandado ha violado las disposiciones de la ley." *ARPe v. Rivera*, *supra*, pág. 444. Así, la parte promovente de un *injunction estatutario*, debe acreditar ante el foro competente que: 1) existe una ley o reglamento que regula el uso o actividad en disputa y que; 2) los demandados están haciendo uso o realizando una actividad en violación a la ley o reglamento.  J. Cuevas Segarra*, op. cit.*

Finalmente, el Tribunal Supremo de Puerto Rico ha establecido los criterios necesarios para la concesión de un *injunction,* a saber: (a) la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*; (b) *su irreparabilidad o la existencia de un remedio adecuado en ley*; (c) la probabilidad de que la parte promovente prevalezca en los méritos; (d) la probabilidad de que la causa se torne académica; (e) el posible impacto sobre el interés público. *Next Step Medical v. Bromedicom et al, supra*, pág. 487; *Asoc. Vec. V. Caparra v. From. Educ.* 173 DPR 304, 319 (2008); *PR Telephone Co. v. Tribunal Superior*, 103 DPR 200, 202 (1975).

Así pues, "[l]a concesión del remedio descansará en la *sana discreción* judicial, que se ejercerá al considerar tanto los intereses como las necesidades de las partes involucradas en el caso". Este debe expedirse con mesura y únicamente ante una demostración de clara e inequívoca violación de un derecho. En atención a ello, la

determinación del tribunal no se revocará en apelación, a menos que se demuestre que el foro abusó de su facultad. *Next Step Medical v. Bromedicom et al, supra*, pág. 488.

### -III-

El señor Torres Monge acude ante este Tribunal impugnando la determinación del Tribunal de Primera Instancia que desestimó con perjuicio su demanda y denegó los remedios extraordinarios que había solicitado. Su reclamación gira en torno a la clasificación que le fue asignada en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, la cual —según sostiene— fue modificada de manera contraria a derecho. Argumenta que la autoridad administrativa actuó en incumplimiento del marco normativo vigente al reclasificarlo como Ofensor Sexual Tipo II, por lo que solicita la corrección de dicho registro y la concesión de los remedios extraordinarios correspondientes.

Del récord surge que el apelante fue convicto en el Tribunal Federal por el delito de posesión de pornografía infantil. A raíz de ello, la División de Registro de Ofensores Sexuales de la Policía de Puerto Rico lo inscribió inicialmente como Ofensor Sexual Tipo I. Posteriormente, la agencia corrigió ese registro y lo reclasificó como Ofensor Sexual Tipo II, cambio que consideró incompatible con las disposiciones de la Ley Núm. 266-2004, según enmendada por la Ley Núm. 243-2011. En virtud de ello, solicitó que se ordenara la rectificación correspondiente para que su clasificación permaneciera como Tipo I.

Inconforme, ante la negativa del ente gubernamental recurrió ante el Tribunal de Primera Instancia mediante demanda, alegó que la Policía no evaluó adecuadamente sus planteamientos y que interpretó de manera incorrecta las disposiciones aplicables al Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores. Sostuvo que, conforme a su lectura de la Ley Núm.

266-2004, únicamente podría ser clasificado como Ofensor Sexual Tipo II si hubiese sido convicto tanto por posesión como por distribución de pornografía infantil, por lo que entendía improcedente la reclasificación realizada.

El Registro de Ofensores Sexuales, creado mediante la Ley Núm. 28-1997 derogada por la Ley Núm. 266-2004, responde a un propósito preventivo dirigido a salvaguardar la seguridad de la ciudadanía. La Ley Núm. 243-2011 consolidó el sistema vigente de tres categorías: los ofensores Tipo I permanecen registrados quince años; los Tipo II, veinticinco; y los Tipo III, de por vida. En cuanto a los delitos relativos a pornografía infantil, la legislación dispone expresamente que tanto la posesión como la distribución ubican al convicto en la clasificación Tipo II, sin requerir que ambas modalidades concurran simultáneamente.

A la luz de dicho marco normativo, el planteamiento del apelante —según el cual la ley exigiría la comisión de ambos delitos para sostener la clasificación Tipo II— no encuentra apoyo en el estatuto. La normativa vigente, interpretada en conjunto con el Artículo 147 del Código Penal de 2012, reconoce la posesión y la distribución como conductas independientes, cada una suficiente para justificar la clasificación Tipo II. Por tanto, la reclasificación realizada por las autoridades estatales responde directamente a la naturaleza del delito por el cual el apelante fue convicto.

El Estado, al advertir un error inicial en la clasificación del apelante, actuó conforme a Derecho al corregirlo. La doctrina jurisprudencial reconoce que una omisión administrativa no genera un estado de Derecho que obligue a la agencia a sostener una actuación incorrecta ni limita su facultad para cumplir con el estatuto aplicable.

En cuanto al remedio de interdicto solicitado, del expediente no surge evidencia de un daño irreparable que justifique su

expedición, ni se demuestra que el Estado haya actuado fuera de los parámetros legales. Más aún, la normativa vigente prohíbe emitir un interdicto que tenga el efecto de impedir la ejecución de una ley clara y válida. Por consiguiente, el Tribunal de Primera Instancia actuó correctamente al denegar dicho remedio.

Tampoco procede la sentencia declaratoria pretendida, pues este mecanismo solo es pertinente cuando existe una incertidumbre jurídica real que amerite la intervención judicial. En este caso, la normativa aplicable es clara, la clasificación surge directamente del estatuto y las actuaciones administrativas fueron cónsonas con la interpretación legal vigente. No se configura, por tanto, la controversia necesaria para la expedición de una sentencia declaratoria.

Incluso bajo el estándar favorable de la Regla 10.2 de Procedimiento Civil, *supra*, las alegaciones del apelante no articulan un derecho que amerite remedio. Sus planteamientos descansan en interpretaciones jurídicas incorrectas y no en hechos que, aun aceptados como ciertos, pudieran sostener la reclamación presentada. Así las cosas, el Tribunal de Primera Instancia actuó conforme a la norma al desestimar la demanda con perjuicio.

A la luz de lo anterior, no se advierte error en el dictamen apelado. La clasificación del apelante como Ofensor Sexual Tipo II es producto de la aplicación directa del marco normativo vigente. El Estado actuó dentro de los límites de su autoridad y en cumplimiento con su deber legal al ajustar la clasificación a la naturaleza del delito por el cual fue convicto. Dado que los remedios extraordinarios solicitados carecen de fundamento jurídico, procede confirmar la sentencia apelada.

### *-IV-*

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones