| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL VI | | |
|---|---|---|
| CASA BELLA, INC. APELANTE v. ANTONIO PÉREZ SEPÚLVEDA, MIRNA I. PÉREZ PUYARENA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS APELADOS | KLAN202500318 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce Caso Núm.: PO2024CV03009 Sobre: *Injunction* Permitir cumplir orden |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece ante nosotros Casa Bella Inc. (Casa Bella Inc.; apelante) mediante el recurso de apelación de epígrafe. La apelante nos solicita que revoquemos la *Sentencia* emitida el 7 de febrero de 2025 y notificada el mismo día, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante esta, el TPI declaró Ha Lugar la *Moción de Desestimación* presentada por Antonio Pérez Sepúlveda, Mirna I. Pérez Puyarena y la Sociedad Legal de Gananciales Compuesta por Ambos (en conjunto, apelada) el 19 de noviembre de 2024.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

### I

El 8 de julio de 2022, los apelados acudieron a la Oficina Regional del Departamento de Asuntos del Consumidor (DACO) de Ponce (en Santa Isabel) y radicaron una querella contra Casa Bella Inc. para que retomaran y culminaran la construcción de la

Número Identificador

SEN2025_____

residencia para la que fueron contratados, y así como el cesar sus intentos de que la parte apelada acepte y firme unos documentos conteniendo un "change of order". Según la *Resolución*[1] emitida por DACO el 13 de junio de 2023, la parte apelada contrató el 16 de junio de 2021, los servicios de Casa Bella Inc. para la construcción de una vivienda, Modelo Acacia II. En la fecha antes indicada, las partes otorgaron un contrato de construcción y la parte apelada entregó un depósito por la cantidad de nueve mil trescientos cincuenta dólares ($9,350.00). Luego, Casa Bella Inc. informó que hubo un aumento en el costo de los materiales de construcción, por lo que presentó un "change of order" que proponía aumentar el precio del proyecto para ser aceptado y firmado por la parte apelada. La parte apelada no estuvo de acuerdo con la nueva suma requerida y se negó a firmar el mismo; no obstante, esta realizó un pago de veintinueve mil dólares ($29,000.00) y Casa Bella Inc. dio comienzo a la construcción. Se desprende del expediente que Casa Bella Inc. continuaba con las insistencias para que la parte apelada firmara el "change of order" y que la parte apelada se negaba a firmar el mismo. Posteriormente, la parte apelada realizó otro pago de treinta y ocho mil dólares ($38,000.00) y uno de cinco mil seiscientos setenta y ocho dólares ($5,678.00) adicionales, los cuales fueron solicitados por Casa Bella Inc. A pesar de haber realizado los pagos antes mencionados, el 21 de junio de 2022, la parte apelada recibió una comunicación de Casa Bella Inc., en la cual se informa que la obra había sido paralizada indefinidamente hasta tanto no se firmara el "change of order". A esos efectos, DACO declaró con lugar la querella instada por la parte apelada y le ordenó a Casa Bella Inc. retomar y culminar las labores conducentes a la construcción de la residencia.

---

[1] Apéndice del recurso, págs. 66-72.

El 16 de octubre de 2024, la parte apelante presentó una *Demanda*[2] sobre *Injunction para Permitir Cumplir Orden* en contra de Antonio Pérez Sepúlveda, Mirna I. Pérez Puyarena y la Sociedad Legal de Gananciales Compuesta por Ambos. La parte apelante adujo que, a pesar de todas las gestiones realizadas para cumplir con la *Resolución* emitida por el DACO, la parte apelada no le ha permitido a Casa Bella Inc. la entrada al lugar de la obra para reiniciar las labores de construcción y cumplir con la *Resolución* del DACO. La parte apelante solicitó del foro primario que declare con lugar la *Demanda* sobre *Injunction* y ordene a la parte apelada permitir a Casa Bella Inc. cumplir con la *Resolución* emitida por el DACO, así como cumplir con el contrato existente entre las partes. Asimismo, solicitó que se le condenara al pago por costas y honorarios de abogado por haber procedido con temeridad, con todos los demás pronunciamientos procedentes en ley.

Pendiente a dilucidarse la petición de *Injunction*, el 20 de noviembre de 2024, la parte apelada radicó *Moción de Desestimación*[3] por falta de jurisdicción sobre la materia. En síntesis, la parte apelada señaló que el TPI carece de jurisdicción para entender en este asunto ya que existe una *Resolución* emitida por el DACO y que es necesario que se agoten los remedios administrativos. La parte apelada solicitó que, a tenor de la Regla 10.2 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 10.2, se decrete la desestimación del caso con perjuicio.

El 9 de diciembre de 2024, la parte apelante presentó *Réplica a Moción de Desestimación*[4] mediante la cual adujo que la facultad del DACO para acudir al TPI para hacer cumplir sus órdenes surge del Artículo 6 de la Ley Núm. 5 de 23 de abril de 1973, según

[2] Apéndice del recurso, págs. 22-26.
[3] Apéndice del recurso, págs. 28-58.
[4] Apéndice del recurso, págs. 59-64.

enmendada, Ley Orgánica del Departamento de Asuntos del Consumidor. Además, arguyó que no hay que agotar los remedios administrativos, ya que DACO hizo su función de adjudicar. La parte apelante solicitó que se declare No Ha Lugar a la *Moción de Desestimación* y con lugar la petición para que se permita a la parte apelante cumplir con la *Resolución* del DACO.

El 30 de diciembre de 2024, la parte apelada presentó *Dúplica a Réplica a Moción de Desestimación*[5] en la cual adujo que en el momento en que se instó el pleito de *Injunction* para hacer cumplir la orden, DACO era el foro con jurisdicción primaria exclusiva por disposición de la Regla 18.1 del Reglamento de Procedimientos Adjudicativos, Núm. 8034 del 13 de junio de 2011. Además, señaló que DACO se reservó el derecho de emitir cualquier orden para implementar los términos del decreto, por lo que no se justifica que el TPI asuma jurisdicción. La parte apelada solicitó que el foro primario declare con lugar la *Moción de Desestimación* y que, de conformidad con las disposiciones de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, desestime con perjuicio el pleito, con cualquier otro pronunciamiento que en derecho proceda.

El 3 de enero de 2025, la parte apelante presentó *Réplica a Dúplica*[6]. En síntesis, alegó que en el presente caso DACO emitió *Resolución* que, al no ser cuestionada por la parte apelante, la misma advino final y firme y, por lo tanto, el TPI tiene jurisdicción para entender en la *Demanda* presentada.

En respuesta, el 3 de febrero de 2025, el foro primario emitió una *Resolución*[7] mediante la cual declaró No Ha Lugar a la *Moción de Desestimación* presentada por la parte apelada. Sin embargo, el 7 de febrero de 2025, el foro a quo emitió *Sentencia*[8] en la cual

---

[5] Apéndice del recurso, págs. 95-124.
[6] Apéndice del recurso, págs. 125-129.
[7] Apéndice del recurso, pág. 130.
[8] Apéndice del recurso, págs. 2-10.

reconsideró *motu proprio* la determinación emitida el 3 de febrero de 2025 y procedió a desestimar la *Demanda* por no proceder el *Injunction* solicitado, conforme a lo dispuesto en la Regla 57 de Procedimiento Civil, *supra*, R. 57. Señaló que la parte apelante tiene remedios adecuados disponibles en ley a través del proceso civil ordinario para hacer ejecutable la *Resolución* emitida por DACO y que el remedio extraordinario del *Injunction* no es una opción entre varias alternativas. Asimismo, dispone que el daño reclamable es, por su naturaleza, uno económico que es reparable. Ante la ausencia de daños irreparables, se dictó la *Sentencia* mediante la cual se desestimó la causa de acción interdictal.

El 4 de marzo de 2025, la parte apelante presentó *Moción para que se deje sin efecto la Sentencia*[9]. En síntesis, la parte apelante sostuvo que la sentencia aún no había advenido final y firme y que el TPI no celebró la vista correspondiente al amparo de lo dispuesto en la Regla 56 de Procedimiento Civil, *supra*, R. 56, a fin de determinar si procede o no la petición de *Injunction* de la parte apelante. Adujo que la única vista celebrada fue a los efectos de determinar si procedía o no la desestimación solicitada por la parte apelada y que, en cuanto a la procedencia de la demanda de *Injunction*, el foro primario no le ha brindado a la parte apelante la oportunidad de expresarse, a tono con la garantía del debido proceso de ley. Además, señaló que, a tenor con la Regla 56 de Procedimiento Civil, *supra*, R.56 y la Ley Núm. 5 del 23 de abril de 1973, según enmendada, Ley Orgánica del Departamento de Asuntos del Consumidor, el TPI puede ordenar que se cumpla o se permita cumplir con lo ordenado en una sentencia o resolución administrativa, sin necesidad de que se demuestre la inexistencia de otro remedio aplicable en ley o que se produciría un daño

---

[9] Apéndice del recurso, págs. 11-18.

irreparable. Solicitó del foro primario que deje sin efecto la *Sentencia* emitida y ordene a la parte apelada permitir la entrada de Casa Bella Inc. al lugar de la obra para reiniciar las labores de construcción y cumplir con lo ordenado por DACO.

El 12 de marzo de 2025, la parte apelada presentó *Oposición a Moción para que se deje sin efecto Sentencia*[10]. En síntesis, alegó que la parte apelante presentó un recurso extraordinario de *Injunction* para atender un asunto que el propio TPI le indicó en la *Sentencia* que debía ser atendido por un procedimiento ordinario. Asimismo, la parte apelada señaló que, al no cumplirse con los criterios para la expedición del *Injunction*, procedía la desestimación de la *Demanda* con perjuicio. La parte apelada solicitó que se declarara con lugar la *Oposición a Moción* y que se procediera a mantener la *Sentencia* de desestimación dictada el 7 de febrero de 2025.

En respuesta, el 13 de marzo de 2025, el foro primario emitió *Resolución*[11] en la cual declaró No Ha Lugar la *Moción para que se deje sin efecto la Sentencia* presentada por la parte apelante el 14 de marzo de 2025, y mantuvo vigente la *Sentencia* emitida el 7 de febrero de 2025.

Inconforme, el 14 de abril de 2025, Casa Bella Inc. acude ante nos y señala los siguientes errores:

1. Erró el Honorable Tribunal de Primera Instancia al aplicar la Regla 57 de Procedimiento Civil y, no la Regla 56, aplicable a los casos para hacer cumplir las sentencias.
2. Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda, luego de declarar No Ha Lugar a la desestimación sin conceder a la parte demandante-apelante un debido proceso de ley.

El 14 de mayo de 2025, en oposición, la parte apelada expone, en cuanto al recurso extraordinario de *Injunction*, que ninguno de

---

[10] Apéndice del recurso de la parte apelada, págs. 142-152.
[11] Apéndice del recurso, págs. 20-21.

los criterios establecidos en la Regla 57.3 de las de Procedimiento Civil, *supra*, R. 57.3, se dio en el caso del epígrafe y, por lo tanto, procedía la desestimación de la *Demanda* con perjuicio. La parte apelada solicita que se desestime el recurso de apelación presentado ante nos.

**II**

**A.**

La norma que rige la procedencia de un recurso de *injunction*, o interdicto, está establecida en la Regla 57 de Procedimiento Civil, *supra*, R. 57, y en los Artículos 675 al 687 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3521- 533. Este recurso extraordinario va dirigido a prohibir u ordenar la ejecución de algún acto determinado, evitando así causar perjuicios inminentes o daños irreparables.

Por ser un recurso extraordinario, los tribunales solo pueden expedirlo cuando no exista otro remedio jurídico adecuado en ley. *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 679 (1999). Se consideran remedios legales adecuados aquellos que pueden otorgarse en una acción por daños y perjuicios, en una criminal o cualquiera otra disponible. *Pérez Vda. Muñiz v. Criado* 151 DPR 355, 373 (2000); *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 681 (1997). Por ende, mientras exista algún remedio eficaz, completo y adecuado en ley, no se considera el daño como irreparable, por lo que no procederá conceder el *injunction. Pérez Vda. Muñiz v. Criado*, *supra*, pág. 372.

Además, para que proceda la emisión de un *injunction* debe existir un agravio de patente intensidad por parte de la persona que reclama la reparación. *Com. Pro Perm. Bda. Morales v. Alcalde*, 158 DPR 195, 205 (2002). Es decir, "el *injunction* solo se puede expedir a favor del titular del derecho a ser protegido". R. Hernández Colón, *Derecho Procesal Civil*, 5ta Ed., San Juan, Puerto Rico,

Lexisnexis de Puerto Rico, Inc., 2010, pág. 531. Por otra parte, el recurso debe expedirse con cautela y únicamente cuando el caso es claro. *Fajardo Sugar Growers Assoc. v. Kramer,* 45 DPR 348 (1933). Es "[un] recurso privilegiado tan eficaz en su acción como exigente en la claridad y valía del derecho reclamado". *Otero Martínez v. Gobernador,* 106 DPR 552, 556 (1977).

El interdicto puede ser preliminar o permanente. Sin embargo, son "de estricto y riguroso cumplimiento" las normas que gobiernan la expedición de ambos tipos de recurso. *E.L.A. v. Asoc. de Auditores y Contadores*, supra, pág. 680. El primero se emite previo al juicio, pero con posterioridad a la celebración de una vista evidenciaria en la que las partes puedan discutir la solicitud en sus méritos. D. Rivé Rivera, *Recursos Extraordinarios*, 2da Ed. Revisada, Programa de Educación Jurídica Continuada, Facultad de Derecho Universidad Interamericana de Puerto Rico, 1996, San Juan, P.R., pág. 21. No obstante, procede denegar una solicitud sin vista si las partes tuvieron amplia oportunidad de presentar sus argumentos y no hay hechos en controversia. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da Ed., Publicaciones JTS, 2011, Tomo V, pág. 1676 que cita a *Commerce Park at DFW Freeport v. Mardian Const. Co.,* 729 F 2d 334 (1984).

El propósito primordial del *injunction* preliminar es preservar el *status quo* hasta que se celebre la vista en su fondo, evitando que el caso se convierta en académico o que se ocasionen mayores daños al peticionario durante el transcurso del litigio. *VDE Corporation v. F&R Contractors*, 180 DPR 21, 41 (2010); *Rullán v. Fas Alzamora,* 166 DPR 742, 764 (2006); *Misión Ind. P.R. v. J.P. y A.A.A.,* supra, pág. 683. El Tribunal, al emitir dicho recurso extraordinario, deberá considerar lo siguiente:

1. la naturaleza del daño al que está expuesta la parte peticionaria;

2. la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
3. la probabilidad de que la parte promovente prevalezca;
4. la probabilidad de que la causa se torne en académica;
5. el impacto sobre el interés público del remedio que se solicita; y,
6. la diligencia y la buena fe con que ha obrado la parte peticionaria. Véase: *Asoc. Vec. Villa Caparra v. Asoc. Fom. Educativo,* 173 DPR 304, 319 (2008).

A la parte promovente le corresponde entonces demostrar la existencia de los requisitos antes mencionados para que el tribunal expedida el referido entredicho. *Puerto Rico Telephone Co. v. Tribunal Superior,* 103 DPR 200 (1975). Ahora bien, el hecho de que se emita un remedio de esta naturaleza no significa que se esté adjudicando ni prejuzgando los méritos del recurso presentado. *Id.*

Por otro lado, para dictar la orden de *injunction* permanente, también será necesario cumplir con el requisito de celebración de una vista y la consideración de la mayor parte de los criterios antes mencionados. *Mun. de Loíza v. Sucs. Suárez et al.,* 154 DPR 333, 367 (2001). Adicionalmente, previo a la expedición de un interdicto permanente, el foro de primera instancia debe considerar los siguientes factores:

1. Si el demandante ha prevalecido o puede prevalecer en un juicio en sus méritos;
2. si el demandante tiene algún otro remedio adecuado en ley o si el *injunction* es el único recurso disponible para vindicar su derecho;
3. el interés público presente o afectado por el pleito; y,
4. el balance de equidades entre todas las partes en litigio. Véase: Rivé Rivera, *op cit.*, págs. 44-45.

El *injunction* se trata de un remedio judicial que entraña la presencia de la urgencia, toda vez que está dirigido a evitar un daño inminente. *Peña v. Federación de Esgrima,* 108 DPR 147, 154 (1978). La parte que solicita un *injunction* del tribunal tiene que acudir a este con las manos limpias. Aun cuando una parte tenga un derecho, si ha actuado de manera inconsistente con ese derecho,

o si el peticionario alentó la conducta del demandado, "o si le interesa el *injunction* para un propósito torcido, el demandante no es merecedor del auxilio judicial por vía de este remedio extraordinario". R. Hernández Colón, *op. cit.,* pág. 531 que cita a *Velilla v. Pueblo Supermarkets, Inc.,* 111 DPR 585, (1981); *Soriano Tavárez v. Rivera Anaya,* 108 DPR 663, (1979).

Por último, nuestro más Alto Foro ha indicado que la decisión del tribunal de instancia para conceder o denegar la orden de *injunction* no será revocada en apelación a menos que se demuestre que dicho foro abusó de su facultad discrecional. *E.L.A. v. Asoc. de Auditores*, supra.

**B.**

Nuestro ordenamiento procesal permite la presentación de mociones dispositivas. Esto es, que una parte solicite que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio plenario.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R. R.10.2, "establece los fundamentos por los que una parte puede solicitar la desestimación de una demanda presentada en su contra, a saber: falta de jurisdicción sobre la materia o la persona, insuficiencia del emplazamiento o su diligenciamiento, dejar de exponer una reclamación que justifique la concesión de un remedio o dejar de acumular una parte indispensable". *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial, marzo 2008, pág. 134. La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, supra, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).

Al resolver una moción de desestimación bajo la Regla 10.2, *supra*, R. 10.2, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas" y, "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Es decir, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Colón Rivera v. Secretario, et al*, 189 DPR 1033 (2013), que cita a R. Hernández Colón, Derecho Procesal Civil, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra. Al resolver una moción de desestimación bajo la Regla 10.2, *supra*, R. 10.2, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas" y, "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429. Es decir, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'." *Colón Rivera v. Secretario, et al*, supra, que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.

**III**

En el caso de epígrafe, la parte apelante plantea que el Tribunal de Primera Instancia incidió al aplicar la Regla 57 de Procedimiento Civil y, no la Regla 56, aplicable a los casos para hacer cumplir las sentencias. Además, aduce que el foro apelado erró al desestimar la *Demanda*, luego de declarar No Ha Lugar a la desestimación sin conceder a la parte apelante un debido proceso de ley. Luego de ponderar las alegaciones de la parte apelante, somos de la opinión que no le asiste la razón.

En el caso ante nuestra consideración, el 16 de octubre de 2024, la parte apelante presentó una *Demanda* sobre *Injunction Permitir Cumplir Orden* en la cual solicitó del foro primario que ordene a la parte apelada permitir a Casa Bella Inc. cumplir con la *Resolución* emitida por el DACO, así como cumplir con el contrato existente entre las partes. Pendiente a dilucidarse la petición de *Injunction*, el 20 de noviembre de 2024, la parte apelada presentó *Moción de Desestimación* por falta de jurisdicción sobre la materia. El 7 de febrero de 2025, el foro a quo emitió *Sentencia* en la cual procedió a desestimar la *Demanda* por no proceder el *Injunction* solicitado conforme a lo dispuesto en la Regla 57 de Procedimiento Civil, *supra*, R. 57.

Según explicamos anteriormente, el recurso de *Injunction* es un recurso extraordinario que va dirigido a prohibir u ordenar la ejecución de algún acto determinado, evitando así causar perjuicios inminentes o daños irreparables. Por ser un recurso extraordinario, los tribunales solo pueden expedirlo cuando no exista otro remedio jurídico adecuado en ley. *E.L.A. v. Asoc. de Auditores*, *supra*, pág. 679. Ahora bien, para que el tribunal pueda expedir el recurso de *Injunction*, debe evaluar los siguientes requisitos mencionados en la Regla 57 de Procedimiento Civil, *supra*, R. 57:

1. la naturaleza del daño al que está expuesta la parte peticionaria;
2. la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
3. la probabilidad de que la parte promovente prevalezca;
4. la probabilidad de que la causa se torne en académica;
5. el impacto sobre el interés público del remedio que se solicita; y,
6. la diligencia y la buena fe con que ha obrado la parte peticionaria.

La jurisprudencia es clara al requerirle a la parte promovente del *Injunction* demostrar los factores establecidos en la Regla 57 de Procedimiento Civil, supra, R.57. Hemos reiterado que la concesión o denegación de un *Injunction* exige que la parte promovente demuestre la ausencia de un remedio adecuado en ley y la existencia de un daño irreparable que no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales disponibles.

Al aplicar los requisitos esbozados al caso de autos, llegamos a la conclusión de que, **debido a la naturaleza y circunstancias de este caso en particular, es innecesario el remedio extraordinario solicitado por la parte apelante debido a que tiene remedios adecuados disponibles en ley a través del proceso civil ordinario para hacer ejecutable la *Resolución* emitida por DACO**. Se consideran remedios legales adecuados aquellos que pueden otorgarse en una acción por daños y perjuicios, en una criminal o cualquiera otra disponible. *Pérez Vda. Muñiz v. Criado, supra,* pág. 373; *Misión Ind. P.R. v. J.P. y A.A.A., supra,* pág. 681. Por ende, mientras exista algún remedio eficaz, completo y adecuado en ley, no se considera el daño como irreparable, por lo que no procederá conceder el *Injunction.*

Por lo antes expuesto, entendemos que el foro apelado no incurrió en el primer error señalado por la parte apelante. El foro

primario, en el ejercicio de su discreción, evaluó los méritos de la *Moción de Desestimación* y quedó convencido de que el recurso de *Injunction* no es el adecuado y que hay otros remedios disponibles en ley a través del proceso civil ordinario para hacer ejecutable la *Resolución* emitida por DACO. Además, nuestro más Alto Foro ha indicado que la decisión del tribunal de instancia para conceder o denegar la orden de *Injunction* no será revocada en apelación a menos que se demuestre que dicho foro abusó de su facultad discrecional. *E.L.A. v. Asoc. de Auditores, supra*, pág. 680.

En cuanto al segundo error señalado por la parte apelante, el derecho establece que el interdicto preliminar se emite previo al juicio, pero con posterioridad a la celebración de una vista evidenciaria en la que las partes puedan discutir la solicitud en sus méritos. Rivé Rivera, *op cit.*, pág. 21. No obstante, **procede denegar una solicitud sin vista si las partes tuvieron amplia oportunidad de presentar sus argumentos y no hay hechos en controversia**. J. A. Cuevas Segarra, *op cit.,* pág. 1676. En el caso ante nuestra consideración, entendemos que el foro apelado no incurrió en el segundo error debido a que no le asiste la razón en cuanto a la necesidad de la celebración de una vista previo a determinar si procede o no el remedio solicitado. No es necesaria la celebración de una vista en casos como el de autos, en el que el tracto procesal demuestra que las partes han tenido oportunidad de presentar sus argumentos.

Aplicado a las circunstancias particulares del caso del epígrafe, y sin ánimo de prejuzgar las cuestiones planteadas en los méritos de la demanda, concluimos que el TPI no incidió al aplicar la Regla 57 de Procedimiento Civil, *supra*, R. 57, para la expedición de un recurso extraordinario y discrecional como el *Injunction*, ni tampoco erró al desestimar la demanda, luego de declarar No Ha Lugar a la desestimación. Por tanto, actuó correctamente el foro

recurrido al desestimar, conforme el estándar de derecho aplicable a la Regla 10.2 de Procedimiento Civil, *supra* R. 10.2.

## IV

Por lo antes expuesto, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones